**Alvin Lee HARRISON,**
**Plaintiff-Appellant,**

v.

**Don BYRD, Sheriff, et al.,**
**Defendants-Appellees.**

**No. 84–1930**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 1985.

---

Alvin Lee Harrison, pro se.

Peter L. Harlan, Asst. Dist. Atty., Henry J. Voegtle, III, Dallas, Tex., for defendants-appellees.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

Alvin Lee Harrison, a Texas state prisoner, appeals from a district court order denying his motion to alter the summary judgment for the defendants in this civil rights case. The district court treated Harrison's motion as a Fed.R.Civ.P. 60(b) motion. Finding that the district court should have granted the plaintiff's motion, we reverse and remand this case to the district court.

The plaintiff brought an action for damages pursuant to 42 U.S.C. § 1983 against several Texas prison officials who allegedly used excessive force against him on May 17, 1984, when he entered the Dallas County jail. On June 28, 1984, the district court entered an order dismissing several of the causes of action for failure to state an actionable claim (as to which no contention of error is made on this appeal), but stated that the complaint as to excessive force, construing the pleadings most favorably, *did* state a § 1983 claim. As to that cause of action, the district court stated that it might be resolved on a motion for summary judgment, if the factual showing there made did not show grossly disproportionate force or severe injuries, *see Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981). The district court therefore granted the defendants until July 24 to file a motion with affidavits and medical records, and the plaintiff Harrison until August 27 to file his response.

On September 6, the district court granted the defendants' motion for summary judgment, on the basis of what it thought to be the unopposed exculpatory factual showing of the defendants. It noted that "[p]laintiff has failed to respond to the motion, even though more than 20 days have elapsed from the filing of defendants' motion." Final judgment dismissing the plaintiff's suit was entered on September 7.

In fact, however, the plaintiff Harrison had on August 22 filed a timely response, to which was attached an affidavit that (see below) raised a material issue of fact as to

the excessiveness and maliciousness of the force used on him by the jail officials.

On September 25, the plaintiff Harrison filed a "motion to alter the judgment," which—since it was filed past the ten days allowed for a Rule 59 motion to amend or alter a judgment—the district court (correctly, *see* Moore's Federal Practice, ¶ 60.-18[8] (1985)) treated as a Rule 60(b) motion. It is well to note, here, that the 60(b) motion was filed within the thirty-day period within which an appeal could have been taken (*see Meadows v. Cohen, infra* ), even though untimely as a 59(e) motion to alter the judgment.

On reviewing the affidavit attached to the timely (August 22) opposition of Harrison to the defendants' motion for summary judgment, the district court found (erroneously, see below) that it had not raised an issue of material fact. Therefore, in an order dated October 15 and entered October 16, the district court denied 60(b) relief.

On October 25, more than thirty days after the September 6 order dismissing his action, but within ten days after entry of the denial of his Rule 60(b) motion, Harrison filed a timely notice of appeal from the October 15 order, which had denied him Rule 60(b) relief. This appeal, now before us, raises only the issue of whether 60(b) relief was properly denied.[1]

■ An order denying a Rule 60(b) motion is final and appealable. *Woodham v. American Cystoscope Company of Pelham, N.Y.*, 335 F.2d 551, 554 (5th Cir.1964). Generally, "the *denial* of a Rule 60(b) motion does not bring up the underlying judgment for review." *In re Ta Chi Navigation (Panama) Corporation S.A.*, 728 F.2d 699, 703 (5th Cir.1984) (citations omitted). Our review is limited to whether the district court abused its discretion in denying the plaintiff's Rule 60(b) motion. *Id.* Hence, review of the district court's origi-

nal order dismissing Harrison's action on the motion for summary judgment would ordinarily be precluded.

■ However, if in granting the earlier judgment, the district court has overlooked and failed to consider some controlling principle of law, the district court may abuse its discretion by failing to grant 60(b) relief, even though the losing party had failed to apply for relief from the original judgment by timely motion for a new trial or appeal, if the 60(b) motion is filed within the time for an appeal (as it was, in the present instance). *Meadows v. Cohen*, 409 F.2d 750, 752 (5th Cir.1969). *See also Matter of Ta Chi Navigation (Panama) Corporation*, 728 F.2d 699, 703 (5th Cir. 1984) (recognizing this principle). Similarly, in rare instances, 60(b) relief may be granted for newly discovered evidence that could not through due diligence have been discovered earlier, Rule 60(b)(2), where such evidence is of a "material and controlling nature," and would have clearly produced a different result if presented to the court before the original judgment. 7 Moore's Federal Practice, *supra*, ¶ 60.23[4] and at p. 60–621.

■ These general principles afford the basis for 60(b) relief under the present facts, as the district court recognized by considering whether the overlooked factual affidavit by the plaintiff would have precluded a summary judgment (thus, erroneously granted). The plaintiff Harrison's factual opposition to the defendants' motion for a summary judgment had been timely filed, but through "mistake [or] inadvertence," Rule 60(b)(1), the district court had granted summary judgment on the mistaken premise that no factual opposition had been filed at all. This being so, under the principles enunciated, the district court properly considered on the merits whether the inadvertently overlooked factual affidavit of the plaintiff had created a

---

1. In brief, the defendants suggest that we lack jurisdiction of this appeal, because the thirty days allowed for appealing the September 6 judgment on the merits (granting summary judgment to the defendants) had expired by the time the present notice of appeal was filed on October 25. This contention is without arguable merit. "An order denying a motion under Rule 60(b) is final and appealable," 11 Wright and Miller, Federal Practice and Review, § 2871 at p. 258 (1973), even though the scope of review is limited, *Id.*, § 2872, and *see* text below.

material issue of disputed fact. Although the district court concluded that it had *not*, by implication its opinion reveals that, if it *had*, 60(b) relief was appropriate to correct its erroneous grant—that 60(b) relief should be granted, upon this motion filed within the time to take an appeal, if in fact the overlooked but timely-filed affidavit by the plaintiff created a factual issue precluding summary judgment.

In ruling on Harrison's Rule 60(b) motion, the district court therefore directly considered the merits of the underlying judgment. The court's order of October 15 consists of a review of Harrison's factual affidavit filed in opposition to the defendants' motion for summary judgment and an affidavit filed by the defendants and a decision whether or not the original summary judgment would have been properly granted had the trial court considered this overlooked but timely factual opposition, as it should have done in the original instance. We likewise review the propriety of the initial summary judgment in the light of the factual opposition inadvertently overlooked by the district court, under the principle that, if the overlooked affidavit did preclude summary judgment, then the district court abused its discretion by failing to grant 60(b) relief because of its mistake or inadvertence in overlooking that factual opposition creating a disputed issue of material fact had been timely filed.

▪ "In a ruling on a motion for summary judgment, 'the court must indulge every reasonable inference from those facts in favor of the party opposing the motion.'" *Hall v. Diamond M. Company*, 732 F.2d 1246, 1249–50 (5th Cir.1984). A grant of summary judgment is appropriate only where it appears from the pleadings, depositions, admissions, answers to interrogatories, and affidavits—considered in the light most favorable to the opposing party—that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Williams v. Shell Oil Company*, 677 F.2d 506, 509 (5th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 933 (1982), *quoting*, Fed.R.Civ.P. 56(c). Any doubt as to the existence of a material fact is to be resolved against the moving party. *Id.; Murphy v. Georgia-Pacific Corporation*, 628 F.2d 862, 866 (5th Cir.1980).

▪ In his affidavit, Harrison alleges in detail beatings that were disproportionate to the degree of force required. He contends that he was stomped on repeatedly while he was lying face-down on the floor with his wrists and ankles handcuffed. He also contends that the nurse who attended him after the alleged beatings ignored the "bruises and knots" on his body. These allegations are sufficient to raise an issue of fact as to whether the force used against Harrison was grossly disproportionate so as to constitute an actionable claim under 42 U.S.C. § 1983. *See Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981).

Accordingly, we conclude that the district court abused its discretion in denying Harrison's Rule 60(b) motion. The defendants' evidence that Harrison suffered no severe injuries was *not* undisputed when his "traverse" and affidavit were before the court. Accordingly, we REVERSE the district court's denial of Harrison's Rule 60(b) motion and REMAND this case to the district court.

REVERSED AND REMANDED.