**Weldon WELLS, Plaintiff-Appellant Cross-Appellee,**

**v.**

**DALLAS INDEPENDENT SCHOOL DISTRICT, et al., Defendants-Appellees Cross-Appellants.**

No. 84–1848.

United States Court of Appeals, Fifth Circuit.

July 3, 1986.

See also, D.C., 576 F.Supp. 497.

Hill, Heard, Oneal, Gilstrap & Goetz, Marcia Wise, Frank Hill, Frank Gilstrap, Arlington, Tex., for plaintiff-appellant cross-appellee.

DeHay & Blanchard, J. Carlisle DeHay, Jr., David W. Townend, Garland, Tex., for defendants-appellees cross-appellants.

Before GEE, RANDALL and GARWOOD, Circuit Judges.

GEE, Circuit Judge:

While watching a local television news broadcast one evening in September 1979, Weldon Wells learned that he had been fired from his post as Assistant Superintendent of Support Services for the Dallas Independent School District (DISD). Wells later brought this action in the district court against the DISD seeking damages under 42 U.S.C. § 1983 on the ground that his 14th Amendment due process rights had been violated by his summary dismissal.

At the time of his dismissal, Wells was in his third year of a five-year contract with the DISD. Several weeks after his dismissal, and after he brought this action, the DISD notified Wells of eight charges against him, as well as of the date of a hearing by the DISD Administrative Council. That hearing was conducted over the course of three weeks in January and February 1980. At its conclusion the Administrative Council unanimously sustained the Superintendent of Schools' earlier decision to fire Wells.

In April and May of 1980, Wells was granted a second hearing, this time by the DISD Board of Trustees. That body affirmed the discharge decision. In the meantime, Wells was criminally indicted on charges related to the alleged grounds of his dismissal, but he has since been acquitted of those charges and exonerated of any criminal liability.

On the motion of the DISD for summary judgment the district court found—and the DISD concedes—that Wells was deprived of his property interest in his job without due process. The court concluded, however, that the due process violation had been cured to a limited extent by the post-termination Administrative Council hearing, and accordingly granted a partial summary judgment in favor of the DISD. The question whether Wells was entitled to damages because of his pre-termination deprivation of due process was reserved for the finder of fact at trial.

At trial the jury awarded Wells $1.9 million for his pretermination deprivation of due process, but this was reduced to $250,000 in remittitur by the district court. In addition, the court awarded attorney's fees of approximately $100,000 to Wells. Both Wells and the DISD appeal; Wells challenges the district court's partial summary judgment against him, and the DISD challenges the award of damages and attorneys fees. We consider these in turn.

## I. THE PARTIAL SUMMARY JUDGMENT

Wells' first argument is that because the DISD internal rules required that he be given two hearings before being terminated, the minimum standard of federal constitutional due process likewise required that he be given two hearings. Thus, contends Wells, the district court's failure to consider whether the second hearing (by the Board of Trustees) satisfied the standards

of procedural due process requires that the partial summary judgment be overturned.[1]

■ A public employee with a property interest in his continued employment is entitled under the Fourteenth Amendment to the following minimum due process rights in connection with termination of his services: (1) to be advised of the cause of the termination [or of the charges to be heard] in sufficient detail to permit him to show any error that may exist; (2) to be advised of [if he does not himself hear] the names and nature of the testimony of the witnesses against him; (3) to be afforded a meaningful opportunity to be heard in his own defense within a reasonable time and (4) before a tribunal that possesses some expertise and an apparent impartiality toward the charges. *Levitt v. Univ. of Texas at El Paso,* 759 F.2d 1224, 1228 (5th Cir. 1985). If a state or local government demands that its officials afford a more elaborate process than the Constitution requires, its demands alone cannot expand the boundaries of what concerns us here: federal constitutional due process. *Eguia v. Tompkins,* 756 F.2d 1130, 1137 (5th Cir. 1985). See also *Levitt v. Univ. of Texas, supra,* 759 F.2d at 1230. The district court did not err, therefore, in declining to examine the second hearing.

In regard to the first hearing, that before the Administrative Council, Mr. Wells contends that on the record before the district court there existed genuine issues of material fact as to whether he was advised in sufficient detail of the charges against him, whether he was supplied with witness lists and summaries of the expected testimony, whether the Council met within a reasonable time, and whether that body possessed the requisite impartiality. In considering these claims our standard of review is a familiar one: Every reasonable inference must be drawn from those facts in favor of the party opposing the motion. *Harrison v. Byrd,* 765 F.2d 501, 504 (5th Cir.1985). A grant of summary judgment is appropriate only where it appears from the pleadings, depositions, admissions, answers to interrogatories, and affidavits—considered in the light most favorable to the opposing party—that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Any doubt as to the existence of a material fact is to be resolved against the moving party. *Id.*

■ We are persuaded that material issues of fact did exist as to whether Wells received notice of the cause of his discharge in sufficient detail to enable him to show any errors. Wells received a letter dated November 14, 1979, notifying him of the Administrative Council hearing. The letter further provided:

At the hearing the Administration will present evidence with regard to the following matters and charges forming the basis of your termination:

1. Negligence and misconduct in the management and supervision of the activities and affairs of the department under your control.

2. Insubordination and disobedience in participating in the execution of a management contract with the Foundation for Quality Education in direct opposition and defiance of orders of the General Superintendent.

3. Negligence and mismanagement by you in your agreement to terms and conditions and execution of documents related to a pledge of retainage by Maxwell Construction Company to the Merchant's State Bank.

4. Approval by you and persons under your direct supervision and control of payments for charges that you knew or should have known were unreasonable and excessive on various construction and repair jobs performed throughout the District.

5. Failure to ensure adequate job site supervision either by DISD staff or outside architects and engineers un-

---

1. The court reasoned that federal due process required one hearing only and that if the initial hearing passed muster it would have been an academic exercise to examine the second.

der contract to the District for such purposes.

6. Attempting, by intimidation or other means, to require principals and other persons at various schools and job sites to improperly and falsely approve work performed on facilities under their control and supervision.

7. Failing to maintain adequate procedural and other safeguards as to competitive bidding.

8. Abuse and misuse of the emergency contract procedures and open purchase order procedures of the District by you and those under your supervision and control.

Charges two and three were allegations of misdeeds in specific circumstances, permitting Wells to prepare his defense. The other charges, however, are vague and fail to set out the specific circumstances of the claimed misdeeds. At the very least, these vague charges permit conflicting inferences as to whether Wells received sufficient notice of the charges against him. The entry of summary judgment was therefore in error.

■ As for Wells' contention that there existed in the record before the district court genuine issues of material fact as to whether in advance of the hearing he received required witness lists and testimony summaries, this appears to rest upon a misreading of our authorities. When an administrative termination hearing is required, federal constitutional due process demands either an opportunity for the person charged to confront the witnesses against him and to hear their testimony or a reasonable substitute for that opportunity. One who is present, who sees and hears the witnesses against him, has notice of who they are and what they maintain before he must meet them with his case; his confrontation rights are satisfied. It is only when he was not present when they were heard that such measures are called for as found their wellspring in *Dixon v. Alabama State Board of Education,* 294 F.2d 150 (5th Cir.1961). When, as here, the adjudicator acts on the sole basis of testimony produced at a hearing at which the accused is present, then by the time the accused must present his case he has necessarily already heard the witnesses' names and the substance of their testimony. The authorities upon which Mr. Wells relies to demand names and summaries of testimony in advance *plus* confrontation are cases in which there was no confrontation and we required the other as a substitute. *Dixon, supra; Ferguson v. Thomas,* 430 F.2d 852 (5th Cir.1970). Any charged person is constitutionally entitled once to be told what he is charged with and on what evidence; none is entitled to be told so twice. To so require would be to impose on state administrative proceedings a higher standard than the Constitution requires for criminal trials. *Cf. Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). This we have never done.

■ Wells also contends that the record before the district court raised issues of material fact as to whether the members of that body were sufficiently impartial, and whether it met within a reasonable time. Having concluded that the entry of the partial summary judgment was erroneous, we think it unnecessary to address these additional contentions.

## II. THE $1.9 MILLION QUESTION: REMITTITUR OR NEW TRIAL?

After the jury bestowed a $1.9 million damages award on Wells for his pre-termination damage claims not cured by the Administrative Council hearing, the district court reduced the award to $250,000 on remittitur. The DISD argues that the district court abused its discretion in failing to order a new trial.

■ In this Circuit, when a jury verdict results from passion or prejudice, a new trial, not remittitur, is the proper remedy. *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233, 1241 (5th Cir.1985). On the other hand, damage awards which are merely excessive, that is, so large as to be contrary to right reason, are candidates

for remittitur. *Id.* However, at some point on the scale an excessive award becomes so large that it can no longer be considered merely excessive. At that point, when an award is "so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive," *Caldarera v. Eastern Airlines,* 705 F.2d 778, 784 (5th Cir.1983), remittitur is inadequate and the only proper remedy is a new trial.

■ We conclude that today's case, in which the district court felt compelled to reduce a $1.9 million award by more than an order of seven, is one in which the jury award was so large that it reflected passion or prejudice. Just as it strains credulity to view the proverbial claspknife that has had five blades and three handles as connected to the original knife in any significant sense of the term; so we find it difficult to regard the quarter-million dollar remnant of a virtual two-million dollar verdict as in any significant sense a product of the jury. It was the judge's verdict; a new trial is called for.

### III. ATTORNEYS FEES

Our vacation of the jury's judgment in favor of Wells for his pre-termination damages necessarily requires us to vacate the district court's award of attorneys fees under 42 U.S.C. § 1988. Thus, for present purposes the issues raised and briefed by both parties in this regard are moot.

### CONCLUSION

There existed genuine issues of material fact on the record before the district court, and thus it erred in rendering partial summary judgment in favor of the DISD. The jury's damage award was so excessive that the verdict reflects passion and prejudice, and so it must be overturned. Accordingly, we VACATE the partial summary judgment in favor of the DISD, the jury verdict in favor of Wells, the district court's award of attorney's fees, and REMAND the matter for a new trial.