Betty STANFORD, Individually and on Behalf of Charles Stanford, Jr., Damien Stephen Stanford and Catherine Cherie Stanford, Plaintiffs,

and

Builders Transport, Intervenor,

v.

LEAF RIVER FOREST PRODUCTS, INC., Defendant.

Civ. A. No. S84–0119(NG).

United States District Court, S.D. Mississippi, S.D.

August 11, 1986.

Joe Same Owen, Gulfport, Miss., for plaintiffs.

Albert Necaise, Gulfport, Miss., for intervenor.

Marcia C. McMahan, Michael B. McMahan, Hattiesburg, Miss., Thomas W. Tyner, Dorrance Aultman, Hattiesburg, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

Defendant, Leaf River Forest Products, Inc., has filed a Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, for a New Trial. The Court, having considered the Motion extensively, finds that same is not well taken and should be denied.

The test this Court must utilize in determining whether to grant a judgment notwithstanding the verdict was set forth in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969):

> On motion for ... judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the nonmover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelming in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. Motion for ... judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Id.* at 374–375.

The Fifth Circuit has noted that "[i]n considering a motion for judgment notwithstanding the verdict ..., a district court may not exclude or disregard evidence admitted at trial.... The trial court must take the record as presented to the jury and cannot enter judgment on a record altered by the elimination of incompetent evidence." *Dixon v. International Harvester Co.*, 754 F.2d 573, 580 (5th Cir.1985).

The Court, after reviewing the trial transcript, concludes that Plaintiffs presented sufficient proof on every element of their negligence claim against Defendant to make a case for the jury. *See Dotson v. Clark Equipment Co.*, 783 F.2d 586, 588 (5th Cir.1986) (where Plaintiff's expert supports his far fetched theory of accident jury issue created); *Owens v. International Paper Co.*, 528 F.2d 606, 609–611 (5th Cir.1976) (if Plaintiff puts on proof concerning every element of his claim jury issue created). Defendant's motion for judgment notwithstanding the verdict must be denied.

Defendant alternatively argues for a New Trial asserting that damages awarded to Plaintiffs were so excessive as to evidence bias, passion and prejudice in the jury's deliberations. "In this Circuit, when a jury verdict results from passion or prejudice, a new trial ... is the proper remedy. On the other hand, damage awards which are merely excessive, that is so large as to be contrary to right reason, are candidates for remittitur." *Wells v. Dallas Indepen-*

*dent School District,* 793 F.2d 679, 683 (5th Cir.1986).

■ Being cognizant of the fact that the decision to grant or deny a new trial is a matter of discretion with the trial judge that will not be disturbed unless there is an abuse of discretion or a misapprehension of the law, *Knight v. Texaco, Inc.,* 786 F.2d 1296, 1298 (5th Cir.1986), the Court feels required to comb the record to determine whether support for a substantial monetary award may be found therein. *Id.*

In the instant case, Plaintiff's decedent, Charles Lansing Stanford, Sr., was forty-three (43) years of age at the time of his death on January 11, 1983. He had a work life expectancy of 18.2 years and a life expectancy of 30.8 years. He left surviving him his wife, Betty, and three minor children, Charles Lansing Stanford, Jr., then age 18, Darren Stephen Stanford, then age 15, and Catherine Cherie Stanford, then age 12. It was established at trial that the economic loss to Betty Stanford approximated $175,000; the net wage earning life expectancy of the decedent was approximately $172,049, and burial and monument expenses totalled approximately $4,300. Further, the testimony presented in the case clearly showed that the Stanford family was a very close-knit unit and the loss of Charles Lansing Stanford, Sr., has caused tremendous grief and emotional anguish. That the decedent was devoted to his wife and children was uncontradicted.

The jury returned a lump sum verdict in the amount of $1,675,675.00. For purposes of deciding whether or not the verdict is "so large that it can[not] ... be considered merely excessive ... [but] is 'so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive'." *Wells v. Dallas Independent School District,* 793 F.2d at 683–84 (5th Cir.1986), the Court will "dissect the award into component parts", *Knight* 786 F.2d at 1300, and compare the jury's component award with the corresponding "maximum amount the jury could properly have awarded" under the Fifth Circuit's maximum recovery rule, *Marks III v. Pan American Airways, Inc.,* 785 F.2d 539, 541 (5th Cir.1986), to determine whether either a remittitur or a new trial is in order.

The Court's evaluation of the jury's verdict is as follows:

|  | Betty | C., Jr. | Darren | Cherie |
|---|---|---|---|---|
| Lost Earnings | $ 172,049 | $ –0– | $ –0– | $ –0– |
| Burial Expenses | 4,300 | –0– | –0– | –0– |
| Compensation for Loss of society & companionship, love and affection (jury verdict) | 374,326 | 375,000 | 375,000 | 375,000 |
| TOTAL | $ 552,675 | $ 375,000 | $ 375,000 | $ 375,000 |

■ In light of the fact that the Fifth Circuit has determined that, absent extraordinary circumstance, "the maximum award that could be allowed for the emotional loss of [a spouse], apart from the economic loss" is $250,000, *Caldarera v. Eastern Airlines, Inc.,* 705 F.2d 778, 785 (5th Cir.1983), and a "$250,000 award per child per parent is within the parameters of this circuit's maximum recovery rule", *Marks,* 785 F.2d 539 at 541, the Court finds that a jury award of $375,000 per survivor for loss of society, companionship, love and affection of decedent does not, although excessive, cross the point where the verdict should be deemed so exaggerated as to require a new trial based on jury prejudice. Defendant's Motion for a new trial is therefore denied.

The Court further finds that the award should be remitted as follows:

| | Betty | C., Jr. | Darren | Cherie |
|---|---|---|---|---|
| Lost Earnings | $ 172,049 | $ –0– | $ –0– | $ –0– |
| Burial Expenses | 4,300 | –0– | –0– | –0– |
| Compensation for Loss of society & companionship, love and affection | 250,000 | 180,000 | 180,000 | 250,000 |
| TOTAL | $ 426,349 | $ 180,000 | $ 180,000 | $ 250,000 |

A separate Order will be entered by the Court accordingly.