**Thomas E. MABERRY and Mrs. Thomas E. Maberry**

v.

**DELTA STEAMSHIP LINES, INC.**

**Civ. A. No. B–84–1087–CA.**

United States District Court, E.D. Texas, Beaumont Division.

March 11, 1987.

David Dies, Orange, Tex., for plaintiffs.

William M. Jensen, Royston, Rayzor, Vickery & Williams, Houston, for defendant.

**MEMORANDUM OPINION**

COBB, District Judge.

Plaintiffs Thomas E. Maberry and Rosa Maberry filed suit for personal injuries sustained on March 18, 1984, while Thomas Maberry was working for Houston Ship Repair Company on board the vessel known as the DEL MONTE. The DEL MONTE was allegedly owned by the defendant Delta Steamship Lines, Inc. (Delta) when the accident occurred. The case was removed to federal court, and was subsequently dismissed on April 3, 1986, when it was determined that Delta was an improper party defendant. Delta had previously sold the DEL MONTE through a third party intermediary known as the American Presidential Lines, Ltd. (APL) to the United States government on August 30, 1983, prior to the accrual of plaintiff's cause of action. However, Delta continued to operate the DEL MONTE for the use and benefit of the United States government.

Pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, plaintiffs now seek relief from the court's order of dismissal and assert that the discovery of new evidence warrants reinstatement of this ac-

tion. It is well established that in rare circumstances, relief from judgment under Rule 60(b) may be granted for newly discovered evidence that could not through due diligence have been discovered earlier, where such evidence is of a "material and controlling nature," and would have clearly produced a different result if presented to the court before the original judgment. *Harrison v. Byrd*, 765 F.2d 501, 503 (5th Cir.1985), citing 7 *Moore's Federal Practice*, § 60.23[4] at 60–621 (1985); *West v. Love*, 776 F.2d 170, 176 (7th Cir.1985); *Crutcher v. Aetna Life Insurance Co.*, 746 F.2d 1076 (5th Cir.1984).

Applying these general principles to the case at bar, the court finds that plaintiff's motion under Rule 60(b) should be denied. The newly discovered evidence which plaintiffs contend warrants reinstatement of this action is a sale/purchase agreement dated August 30, 1983, between Delta, APL and the United States of America. It is undisputed that within this agreement, Delta agreed to assume all of the obligations with respect to the DEL MONTE including indemnification of APL for all expenses, charges, damages, and losses arising out of APL's entry into this agreement, the amended trade in contracts, the amended use/hire agreement, and APL's participation in any of the transactions contemplated by the agreement. However, the sale/purchase agreement is not the type of evidence which is of a material and controlling nature that would clearly produce a different result had it been presented to the court before the final order of dismissal. The sale/purchase agreement has no connection to the issues involved in Delta's motion to dismiss. Nor does the agreement establish Delta as a proper party defendant. Furthermore, the provisions of the sale/purchase agreement do not extend Delta's indemnification to the United States. In short, plaintiff's exclusive remedy lies against the United States of America pursuant to the Public Vessels Act and the Suits in Admiralty Act, and the sale purchase agreement does not alter this finding or the court's previous decision. In light of the foregoing, the court holds that plaintiff's motion for relief from judgment should be denied.