**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-30042
(Summary Calendar)

NOBLE MARSHALL,

Plaintiff-Appellant,

versus

DUNCAN S. KEMP,  ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-2359H)

(May 15, 1995)

Before DUHÉ, WIENER and SMITH, Circuit Judges.

PER CURIAM:[*]

In this civil rights action Plaintiff-Appellant Noble Marshall appeals from the district court's denial of his Federal Rules of Civil Procedure 60(b) motion for relief from judgment and from the

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

court's failure to hold an evidentiary hearing prior to dismissing his complaint.  Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

Proceeding pro se and in forma pauperis, Marshall filed a 42 U.S.C. § 1983 complaint against Tangipahoa Parish District Attorney Duncan S. Kemp; Judge Jefferson D. Hughes; Judge James E. Kuhn; Clerk of Court John J. Dahmer; Deputy Clerk Cynthia Johnson; Indigent Defender Michael Pawlus; and Tangipahoa Parish Assistant District Attorneys Clara E. Toombs, Scott Sledge, and Pat Dunn. Marshall claims that he was falsely imprisoned by the defendants before and after his state court conviction for armed robbery.  He alleges that the defendants falsified the transcripts and withheld certain documents and information from him.  His claims comprise prosecutorial misconduct, general civil rights violations, and conspiracy, for which he seeks damages, attorneys' fees, and court costs.

Over Marshall's objections to the magistrate judge's report, some of Marshall's claims were dismissed by the district court without prejudice as habeas corpus claims for failure to exhaust state remedies; and his claims against Hughes, Kuhn, Kemp, Toombs, Sledge and Dunn were dismissed as frivolous, but without prejudice, on the basis of absolute immunity.  The court stayed and severed the claims against Pawlus, Dahmer, and Johnson, pending the

2

exhaustion of state and federal habeas corpus remedies.[1]

Well over a year later Marshall filed a motion requesting the district court to reconsider its order or, alternatively, to allow an interlocutory appeal. Marshall argued that he had newly discovered law and facts. He also sought to add four additional named defendants and four unnamed defendants, but he failed to identify the claims against them. The district court denied the motion, treating it as a Rule 60(b) motion.

II

ANALYSIS

A.   Entitlement to Proceed IFP on Appeal

The district court granted Marshall's motion to proceed IFP in that court. In its order denying Marshall's motion for reconsideration, the district court stated that Marshall's "request for leave to appeal the September 2, 1993, interlocutory order is also DENIED. [Marshall] has shown no good cause for the appeal nor for the inordinate delay in seeking said appeal." This statement does not constitute a decertification of Marshall's IFP status. See Fed. R. App. P. 24(a). Marshall is entitled to proceed IFP in this court.

B.   Rule 60(b) Motion for Relief from Judgment

Marshall's postjudgment "motion to reconsider" was filed over 15 months after the entry of the district court's judgment dismissing his civil rights complaint. Any postjudgment motion

---

[1] Final judgment was entered before the United States Supreme Court issued its opinion in Heck v. Humphrey, 114 S. Ct. 2364 (1994).

3

that challenges the underlying judgment, requests relief other than correction of a purely clerical error, and is served more than ten days after judgment is entered, is treated as a motion under Fed. R. Civ. P. 60(b). Harcon Barge Co. v. D & G Boat Rentals, 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986). Therefore, Marshall's motion for reconsideration was treated correctly by the district court as a Rule 60(b) motion for relief from the judgment. See Ford v. Elsbury, 32 F.3d 931, 937 n.7 (5th Cir. 1994).

Our review is limited to whether the district court abused its discretion in denying the Rule 60(b) motion. Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992). "It is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Generally, the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. See Harrison v. Byrd, 765 F.2d 501, 503 (5th Cir. 1985).

Rule 60(b) lists the reasons that authorize the district court to relieve a party from a final judgment. In considering a Rule 60(b) motion, the district court should consider the following factors: (1) final judgments should not be disturbed lightly; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be interpreted liberally to do substantial justice; (4) whether the motion was made within a

4

reasonable time; (5) if the judgment was a default or dismissal without consideration of the merits, whether the interest in deciding cases on the merits outweighs the interest in the finality of judgments; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356 (5th Cir. 1993). Relief is appropriate under Rule 60(b)(6) "only if extraordinary circumstances are present." American Totalisator Corp. v. Fair Grounds Corp., 3 F.3d 810, 815 (5th Cir. 1993) (internal quotations and citation omitted).

We liberally construe the briefs of pro se appellants. Haines v. Kerner, 404 U.S. 519, 520 (1972). Liberally construing Marshall's appellate arguments, we see that he argues that the district court should have granted his motion because Judge Kuhn, a traffic and juvenile court judge, was without jurisdiction over Marshall's criminal proceeding.

The district court suggested that the motion for reconsideration was not timely filed for the purposes of Rule 60(b)(1),(2), or (3) as the order from which Marshall sought relief had been entered more than a year before Marshall filed his motion for relief. See Fed. R. Civ. P. 60(b). The district court noted that Rule 60(b)(6) specifies that a court may relieve a party from the effects of an order for "any other reason justifying relief from the operation of judgment" when that motion is brought within a reasonable time. The court determined, however, that fifteen

5

months was not a reasonable time. As Marshall's appellate brief fails to address the determination that his motion was not made in a reasonable time, we deem that issue to have been abandoned.

As the district court observed, the only new allegation asserted in Marshall's Rule 60(b) motion was that Judge Kuhn was not immune from suit because, as a traffic and juvenile court judge, he acted outside his jurisdiction in handling Marshall's criminal proceeding. The district court observed that Marshall submitted no tangible support for his contention that Kuhn was acting outside the scope of his judicial authority. The court also noted that Marshall provided no cause for the addition of other defendants, and that he failed to prove exhaustion of his state or federal habeas corpus remedies.

Marshall has failed to establish that "extraordinary circumstances are present," requiring relief under Rule 60(b)(6). See American Totalisator Corp., 3 F.3d at 815. As Marshall has not shown that the district court's denial of his Rule 60(b) motion was so unwarranted as to constitute an abuse of discretion, we must affirm the district court's ruing.

C.    Evidentiary Hearing

Marshall insists that the district court erred in dismissing his civil rights complaint without holding an evidentiary hearing. As review of the underlying judgment of the district court is precluded, and as this issue was not asserted in Marshall's 60(b) motion, we decline to consider it. See Harrison, 765 F.2d at 503.

AFFIRMED.