IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40039
Summary Calendar
_____

WESLEY EUBANKS,

Plaintiff-Appellant,

versus

JAMES COLLINS,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 93-CV-589
- - - - - - - - - - -
June 14, 1995

Before KING, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Wesley Eubanks's motion to proceed in forma pauperis (IFP) on appeal is DENIED as moot. The district court implicitly granted Eubanks leave to proceed IFP when it dismissed Eubanks's complaint as frivolous. Because Eubanks's appeal requires no further briefing, the court will consider the merits of the appeal. Clark v. Williams, 693 F.2d 381, 382 (5th Cir. 1982)

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659,

_____

[*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

660 (5th Cir. 1987). A notice of appeal in a civil case in which an appeal is permitted by law as of right must be filed within thirty days of entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1).

Eubanks's motion for reconsideration, which alternatively requested that it be treated as a notice of appeal if the motion for reconsideration was denied, did not clearly evince an intent to appeal. See Mosley, 813 F.2d at 660. Nor did the motion for reconsideration, which was filed more than ten days after entry of judgment, extend the time for Eubanks's filing his notice of appeal from the judgment dismissing his complaint. Any postjudgment motion that challenges the underlying judgment, requests relief other than correction of a purely clerical error, and is served more than ten days after judgment is entered, is treated as a motion under Fed. R. Civ. P. 60(b). Harcon Barge Co. v. D & G Boat Rentals, 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986). Such motion "does not affect the finality of the judgment or suspend its operation." See Rule 60(b). Eubanks's motion was filed more than ten days after entry of judgment.** Therefore, Eubanks's motion for reconsideration was treated correctly by the district court as a

---

** Generally, a motion "served" within ten days of the entry of judgment extends the time for filing a notice of appeal. See Fed. R. App. P. 59(e); Fed. R. App. P. 4(a)(4)(F). However, because the complaint was dismissed prior to service on the defendant, the date that the motion for reconsideration is filed is the controlling date for purposes of characterizing the motion. See Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir. 1988).

Rule 60(b) motion for relief from the judgment which did not extend the appellate filing period.

Eubanks's notice of appeal was not timely filed with respect to the judgment dismissing his complaint entered on October 13, 1994. See Fed. R. App. P. 4(a)(1); 4(c). However, the January 7, 1995, notice of appeal was timely with respect to the district court's order denying Eubanks's Rule 60(b) motion and, therefore, this court has jurisdiction to review such order. See First National Bank v. Summer House Joint Venture, 902 F.2d 1197, 1200 n.3 (5th Cir. 1990).

Our review is limited to whether the district court abused its discretion in denying the Rule 60(b) motion. Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992). "It is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Generally, the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. See Harrison v. Byrd, 765 F.2d 501, 503 (5th Cir. 1985).

Eubanks argued in his motion for reconsideration that the district court erred in dismissing his complaint as frivolous because the defendant failed to apply the security guidelines applicable to the racial integration of two-man cells established in the class action of Lamar v. Scott, No. 72-H-1393 (S.D. Tex.).

Racial segregation in prisons is unconstitutional, except to the extent necessary for prison security and discipline. Lee v.

Washington, 390 U.S. 333, 333-34 (1968). This court has rejected the argument that forced integration violates the Lamar decree based on it previous determination that a policy of integration by choice of a prisoner is unconstitutional. Id. at 6. See Jones v. Diamond, 636 F.2d 1364, 1373 (5th Cir.) (en banc), cert. dismissed, 453 U.S. 950 (1981), overruled on other grounds, International Woodworkers of America v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986) (en banc).

Eubanks also argued in his Rule 60(b) motion that the district court failed to consider the Lamar guidelines requiring prison officials to consider the security risks involved in making integrated celling assignments. Prisoners do have the right to reasonable protection from injury at the hands of other inmates under the Eighth Amendment. Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986). However to establish a claim for the failure to protect from injury at the hands of another inmate, the plaintiff must show deliberate indifference on the part of the prison officials. Id. at 1260.

Eubanks did not argue in his Rule 60(b) motion that he was threatened or that he had been the victim of racially-motivated violence. He merely argued that he warned officials that he would personally become violent if forced to live in an integrated cell. Eubanks's has not argued the existence of "a pervasive risk of harm" toward Eubanks or "failure to take reasonable steps to prevent [such] known risk." Stokes v. Delcambre, 710 F.2d 1120, 1125 (5th Cir. 1983). Therefore, Eubanks has not argued in his motion that prison officials were

deliberately indifferent to his safety in placing him in an integrated cell.

Eubanks submitted affidavits on appeal in which he described acts of violence by black inmates against other inmates. Because these affidavits were not presented to the district court, this court will not consider such evidence on appeal. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Eubanks's argument that the district court abused its discretion in refusing to transfer his case to the Lamar court was not raised in the Rule 60(b) motion and, thus, is not subject to this court's review. Harrison, 765 F.2d at 503. Eubanks argues for the first time on appeal that the prison officials denied his repeated requests for notice of the Lamar guidelines which are to be followed by the classification committee in determining cell assignments. Eubanks also argues for the first time on appeal that he has been denied fundamental due process because he has not been advised of the prison guidelines and rules under which he was disciplined for refusing to accept the integrated cell assignment.

This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). These issues involve factual questions that were not addressed in the district court. Therefore, they are not subject to review for the first time on appeal.

The district court did not abuse its discretion in denying Eubanks's Rule 60(b) motion.

AFFIRMED.