IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40431
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDMUNDO LUIS CHAVEZ,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CV-008
- - - - - - - - - -
April 8, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


    Edmundo Chavez appeals the denial of his postjudgment motion
for reconsideration of the order denying his motion for relief
pursuant to 28 U.S.C. § 2255.  We construe the motion for reconsid-
eration as a postjudgment motion for relief under FED. R. CIV. P.
60(b).  See Craig v. Lynaugh, 846 F.2d 11, 13 (5th Cir. 1988);
Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667
(5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986).  The

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

denial of a rule 60(b) does not bring up the underlying judgment for review, and our review is limited to whether the district court abused its discretion by denying the rule 60(b) motion.  Carimi v. Royal Carribean Cruise Lines, 959 F.2d 1344, 1354 (5th Cir. 1992).

Chavez contends that he was entitled to an evidentiary hearing in the district court.  As review of the underlying judgment of the district court is precluded, and this issue was not asserted in Chavez's rule 60(b) motion, we decline to consider this issue.  See Harrison v. Byrd, 765 F.2d 501, 503 (5th Cir. 1985).

Chavez argues that he received ineffective assistance of counsel because counsel failed to appeal and waived the polling of the jury.  Chavez contends that counsel was ineffective for failing to object to the presentence report and failing to argue that the Precursor Chemical Equivalency Table, U.S.S.G. § 2D1.11(d), should have been used to calculate his offense base level.

Chavez also argues that counsel failed to object to the amount of drugs reasonably foreseeable to Chavez, "failed to do effective research and pre-trial investigation to be prepared to present an[y] mitigating evidence on behalf of appellant," and "failed to put the prosecution's case to any meaningful adversarial testing." Chavez asserts that counsel told him to tell the court that he had seen the PSR when he had not.

Chavez failed to establish that "extraordinary circumstances are present" which would require relief under rule 60(b)(6).  See American Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 815 (5th Cir. 1993).  As Chavez has not shown that the denial of his

rule 60(b) motion was so unwarranted as to constitute an abuse of discretion, the judgment is AFFIRMED.