IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60542
Summary Calendar
_____

PATRICK BERRY,

Petitioner-Appellant,

versus

RAYMOND ROBERTS, Superintendent,
Mississippi State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:93CV742BN
- - - - - - - - - -
May 3, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:*

Mississippi prisoner Patrick Berry appeals the district court's denial of his federal habeas corpus petition. Berry's appeal may not proceed unless this court grants a certificate of probable cause to appeal (CPC). 28 U.S.C. § 2253; see FED. R. APP. P. 22(b). The court issues a CPC when the petitioner makes

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

a substantial showing of the denial of a federal right. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983).

Berry's federal habeas petition alleges that his guilty plea was involuntary because he did not understand the consequences of his plea and his attorney was ineffective for advising him to plead guilty instead of challenging the indictment on speedy trial grounds. The district court dismissed Berry's petition without addressing his argument that counsel should have moved to dismiss the indictment on speedy trial grounds. Although Berry did not timely file a notice of appeal, he filed a FED. R. CIV. P. 60(b) motion for reconsideration within the time for filing an appeal. In light of the extraordinary circumstance that the district court failed to address a potentially meritorious legal argument raised in both Berry's pleadings and his objections to the magistrate judge's recommendation, the district court abused its discretion by denying the Rule 60(b) motion. <u>Batts v. Tow-Motor Forklift Co.</u>, 66 F.3d 743, 747 (5th Cir. 1995); <u>Harrison v. Byrd</u>, 765 F.2d 501, 503 (5th Cir. 1985). According, Berry's motion for a CPC is GRANTED and the matter is VACATED AND REMANDED to the district court. <u>Clark v. Williams</u>, 693 F.2d 381, 382 (5th Cir. 1982).

On remand, the district court should consider whether, by failing to raise the issue at the proper time, the respondent waived exhaustion of Berry's argument that counsel was ineffective for failing to present a speedy trial defense. <u>McGee</u>

v. Estelle, 722 F.2d 1206, 1213-14 (5th Cir. 1984)(en banc); see Nelson v. Hargett, 989 F.2d 847, 850-51 (5th Cir. 1993); Smith v. State, 550 So.2d 406, 408 (Miss. 1989).  The district court should also consider whether Berry's ineffective counsel claim is procedurally barred under MISS. CODE ANN. § 99-39-5(2), or whether the state forfeited its right to impose the § 99-39-5(2) procedural bar because no state court has denied Berry relief based on his procedural default.  Sones v. Hargett, 61 F.3d 410, 416-18 (5th Cir. 1995); see Teague v. Lane, 489 U.S. 288, 299 (1989); see also Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985).

The state court papers submitted by the respondent appear to be incomplete, and it is impossible from the current record to evaluate the merits of Berry's ineffective counsel argument or his claim that counsel's advice to plead guilty without challenging the indictment on speedy trial grounds rendered his plea involuntary.  On remand, the district court should direct the parties to brief the issues of exhaustion and procedural bar and direct the respondent to supplement Berry's state court papers.  The court may find it necessary to obtain an affidavit from Berry's attorney and/or hold an evidentiary hearing to explore the ineffective counsel/speedy trial issue.  We note that we have reviewed Berry's argument that his guilty plea was involuntary because he misunderstood the penalty involved and find it frivolous.  As to that issue, we affirm.

MOTION GRANTED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.