# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2019

Lyle W. Cayce
Clerk

No. 18-31090
Summary Calendar

ORVEL P. HALE,

      Plaintiff - Appellee

v.

WOOD GROUP PSN, INCORPORATED; BORDELON MARINE, L.L.C.; ENI US OPERATING COMPANY, INCORPORATED,

      Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-1803

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

      Defendants-Appellants Wood Group PSN Inc., Bordelon Marine, L.L.C., and ENI US Operating Company, Inc. ("Defendants"), appeal the magistrate judge's denial of their motion for new trial or remittitur after a jury found the Defendants liable for injuries sustained by Plaintiff Orvel Hale in an offshore

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31090

accident.[1] Defendants contend that the magistrate judge abused her discretion in excluding certain evidence at trial and that the jury's general damages award was excessive. We AFFIRM.

Hale was employed by Oceaneering Inc. as an erosion and corrosion technician. Hale's duties required him to spend extended periods offshore, accessing platforms via offshore supply vessels. Several years prior to his employment with Oceaneering, Hale suffered a shoulder injury for which he was prescribed hydrocodone for managing pain. Hale also had a prescription for Adderall. In June 2014, Hale was injured in an accident during a personnel basket transfer—a common offshore maneuver whereby personnel stand on a "basket" that is transferred from one vessel or structure to another via a crane or some other machinery. During the transfer, the basket struck equipment on the deck of the vessel, causing Hale to fall from the basket and onto the deck. Hale sustained significant injuries to his back and took hydrocodone following the accident. A post-accident drug screen showed positive results for opiates (hydrocodone) and amphetamine (Adderall).

Hale sued Defendants, claiming they negligently caused his injuries. Prior to trial, the magistrate judge[2] granted Hale's motion in limine to exclude all evidence pertaining to the post-accident drug screening and Hale's use of prescribed medication. Following trial, a jury determined that Defendants were ninety percent responsible for Hale's injuries and awarded, inter alia,

---

[1] Hale's claims arose out of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a)–(b); the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 903–04; the General Maritime Law, 28 U.S.C. § 1333; and the laws of the State of Louisiana.

[2] By consent of the parties and district court order, Magistrate Judge Carol B. Whitehurst was authorized to conduct the proceedings and enter a final decision. Pursuant to 28 U.S.C. § 636(c)(3), we treat the Magistrate Judge's denial of Defendants' motion for new trial or remittitur as a final decision reviewable by this court. *See Coleman v. Sweetin*, 745 F.3d 756, 762 n.4 (5th Cir. 2014).

No. 18-31090

$2,250,000 in general damages.[3] Defendants moved for a new trial on damages or remittitur, arguing that the jury award was excessive. The magistrate judge denied the motion. Defendants timely appealed.

Defendants argue that the magistrate judge erred in excluding evidence regarding Hale's post-accident drug screening and his possession and use of prescription medication pursuant to Federal Rules of Evidence 401 and 403.[4] Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401(a). However, such evidence may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." FED. R. EVID. 403. "The district court has broad discretion in assessing admissibility under the rule providing for exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues or misleading jury." *International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299–300 (5th Cir. 2005) (citation omitted). This determination "is generally accorded great deference

---

[3] Hale was awarded $3,238,666.02 in damages, reduced by ten percent due to his comparative fault, for a total award of $2,914,799.42. Hale was awarded $2,250,000 in general damages, broken down as follows: past physical pain and suffering ($100,000); future pain and suffering ($1,500,000); past mental pain and suffering ($75,000); future mental pain and suffering ($225,000); past physical disability, impairment and inconvenience ($25,000); future physical disability, impairment, and inconvenience ($75,000); past loss of enjoyment of life ($25,000); and future loss of enjoyment of life ($200,000).

[4] Defendants raise four arguments as to why this evidence should have been admitted: (1) that evidence of Hale's post-accident drug screening was relevant to the issue of Hale's contributory negligence;(2) that evidence of workplace and environmental policies, which the magistrate judge excluded, were probative of Hale's credibility; (3) that testimony regarding Hale's behavior prior to the accident, including his use and possession of prescriptions, was also relevant to his credibility; and (4) that exclusion of evidence of Hale's pre and post-accident use of prescription medication led to jury confusion regarding his prior medical condition, current prognosis, and future medical treatment. We consider these arguments together, as they all relate to whether the magistrate judge erred in excluding evidence relating to Hale's use and possession of his prescription medications, and conclude that none demonstrate that the magistrate judge abused its significant discretion on this evidentiary issue.

because of [the magistrate judge's] first-hand exposure to evidence and familiarity with the course of trial proceedings." *Id.* at 300. Accordingly, the magistrate judge's "ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013) (quoting *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981)).

The magistrate judge excluded the evidence of the post-accident drug screening and Hale's use of prescription medication after experts from both sides agreed that the drug screening was not a reliable indicator of Hale's faculties, and therefore the drug screening could not be used to support a finding that Hale was impaired at the time of the accident. Absent a showing of some causal connection between Hale's use of medication and his injuries, the magistrate judge determined that the evidence was highly prejudicial and seriously lacking in probative value. We perceive no abuse of discretion in this determination.[5] *See Wellogix, Inc.,* 716 F.3d at 882.

Defendants next argue that the magistrate judge erred in denying Defendants' motion for new trial or remittitur because the jury award was clearly excessive. We review the magistrate judge's denial of the motion for new trial or remittitur for an abuse of discretion. *See Brunnemann v. Terra Intern., Inc.*, 975 F.2d 175, 177–78 (5th Cir. 1992). When a jury verdict results from "passion or prejudice," a new trial is the proper remedy. *Wells v. Dallas Indep. School Dist.*, 793 F.2d 679, 683 (5th Cir. 1986). Where a damage award is "merely excessive, that is, so large as to be contrary to right reason," remittitur is the appropriate remedy. *Id.* at 683–84.

---

[5] Because we hold the magistrate judge did not abuse her discretion in excluding the evidence at issue under Rule 403, we need not reach the magistrate judge's determination under Rule 401.

No. 18-31090

Applying the "clearly excessive rule" for determining the excessiveness of an award,[6] jury awards will not be disturbed unless they are "so large as to shock the judicial conscience, so gross or inordinately large as to be contrary to right reason, so exaggerated as to indicate bias, passion, prejudice, corruption, or other improper motive, or as clearly exceeding [the] amount that any reasonable man could feel the claimant is entitled to." *Caldera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983) (cleaned up). Under this standard, courts can look to prior awards resulting from similar injuries to provide guidance in the excessiveness determination. *See Williams v. Chevron, USA, Inc.*, 875 F.2d 501, 506 (5th Cir. 1989). Defendants cite to numerous cases in support of their proposition that the jury award was clearly excessive. The magistrate judge acknowledged the cases cited by Defendants but found that the trial produced evidence that Hale's injuries were distinguishable and more severe than those in the cited cases.[7] There is no indication in the record that the magistrate judge abused her discretion in determining that the present case was distinguishable from the cases cited by Defendants, and that Defendants failed to satisfy the demanding standard for overturning a jury award. *See id.*

For these reasons, the judgment of the magistrate judge is AFFIRMED.

---

[6] Defendants argue that the "clearly excessive rule" applies, while Hale argues that the "maximum recovery rule" is applicable. The maximum recovery rule allows for a jury award to be up to 150% of the amount of the factually similar award before it is determined to be disproportionate. *See Salinas v. O'Neill*, 286 F.3d 827, n.6 (5th Cir. 2002). We assume arguendo that the clearly excessive standard applies and conclude Defendants are not entitled to reversal under this rule.

[7] Defendants also argue that inflation should not be considered when using old awards to determine whether the instant award was excessive, but we have factored in inflation when making such comparisons in previous cases. *See e.g., Puga v. RCX Solutions, Inc.*, 914 F.3d 976, 987–90 (5th Cir. 2019); *Ledet v. Smith Marine Towing Corp.*, 455 F. App'x 417, 422–23 (5th Cir. 2011).