United States Court of Appeals,

Fifth Circuit.

No. 91–3181.

Rufus M. CARIMI, Plaintiff–Appellee,

v.

Royal Carribean Cruise Line, Inc., Defendant–Appellant.

May 4, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and WIENER, Circuit Judges:

WIENER, Circuit Judge:

Defendant–Appellant Royal Carribean Cruise Line, Inc. (RCCL) appeals the denial of its motion to vacate a default judgment entered against it in favor of Plaintiff–Appellee Rufus M. Carimi (Carimi). Finding that service was not properly effected on RCCL, so that the district court did not have personal jurisdiction over RCCL at the time of the default judgment, we reverse.

I.

FACTS AND PROCEEDINGS

In September of 1988, Carimi was a passenger on board the M/S Song of Norway, operated by RCCL. He complains that he suffered a fall on board the ship, alleging that the fall was proximately caused by RCCL's negligence.

Carimi filed suit in district court based on diversity of citizenship and mailed service to RCCL's agent by certified mail, return receipt requested. According to affidavits by Carimi's attorney and the secretary who actually compiled the mailing, the envelope contained a copy of the complaint, and the summons, and a Notice and Acknowledgement of Summons and Complaint (Acknowledgement). RCCL and its agent admit receiving the mailing but contend that it contained only the Acknowledgement and the summons, and did not include a copy of the complaint.

RCCL's agent signed the postal service return receipt, but neither he nor RCCL ever signed or returned the Acknowledgement. Carimi obtained a default judgment for approximately $57,000. Several months after the default judgment was entered, RCCL filed a motion under Fed.R.Civ.P. 60(b) to lift the default judgment and to dismiss Carimi's suit, alleging lack of jurisdiction due to insufficient service of process. The district court denied RCCL's motion and RCCL timely appealed.

## II.

## ANALYSIS

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[1]

> When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not. If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside.[2]

If the service of process in this case was insufficient, we must reverse the district court's grant of default judgment in favor of Carimi.

### A. Contents of Mailing

One of the grounds on which RCCL disputes the sufficiency of service of process against it is that its agent received only the Acknowledgement and summons from Carimi. RCCL introduced the affidavit of the agent to substantiate this claim. Carimi countered with the affidavits of his attorney and the secretary who prepared the mailing to the effect that the mailing contained a copy of the complaint, the summons and the Acknowledgement.

Although the district court made no express findings in its denial of RCCL's motion to lift

---

[1] *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981).

[2] *Recreational Properties, Inc. v. Southwest Mortg. Service, Inc.,* 804 F.2d 311, 314 (5th Cir.1986).

default judgment, the court must have concluded that the mailing contained a copy of the complaint as well as the Acknowledgement and summons. Otherwise service would clearly have been insufficient irrespective of which rule of civil procedure governed service here. We recognize that once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.[3] The district court must necessarily have viewed the evidence with the plaintiff's burden in mind; at least there is nothing to indicate it did not do so.

Concluding that the district court necessarily made such an implicit factual determination, we apply a clearly erroneous standard to its finding on this issue.[4] Our review of the affidavits presented by the parties convinces us that the district court's conclusion was not clearly erroneous.

*B. Fed.R.Civ.P. 4(c)(2)(C)(ii)*

In this court's summary calendar opinion,[5] the panel concluded that, even though the Plaintiff's service of the summons and complaint in this case was not properly effected under Fed.R.Civ.P. 4(c)(2)(C)(ii), it happened to satisfy the requirements of the Louisiana Long-arm statute,[6] so the service was effective under Rule 4(e).[7] Therefore, our summary calendar panel declined to reverse the default judgment entered against RCCL by the district court after RCCL failed to answer the Plaintiff's complaint.

Upon motion of RCCL, the summary panel opinion was withdrawn and a rehearing with oral

---

[3]*Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981).

[4]Fed.R.Civ.P. 52(a).

[5]*Carimi v. Royal Carribean Cruise Line, Inc.,* No. 91–3181 (5th Cir. Oct. 7, 1991).

[6]La.Rev.Stat.Ann. § 13.3204(A) provides that "A certified copy of the citation and of the petition ... shall be sent by counsel for the plaintiff to the defendant by registered or certified mail...."

[7]Rule 4(e) provides for service upon a non-resident defendant to be performed according to the state law procedures of the state wherein the district court is located.

argument was granted in order to re-examine the conclusions reached in the summary panel opinion. Finding that service was not properly effected under any rule of federal civil procedure, and that, therefore, the district court had no personal jurisdiction over RCCL, we reverse the district court's default judgment.

Since 1983, the Federal Rules of Civil Procedure have provided for service of a summons and complaint by first-class mail in lieu of more traditional forms of service. Rule 4(c)(2)(C)(ii) provides that the summons and complaint are to be accompanied by a notice and acknowledgement form. We find that if the conclusions of our summary panel's opinion were to appertain here, an injustice would result because the Acknowledgement mailed to RCCL would have misled the Defendant in several significant ways, inducing the inaction that led to the default judgment.

First, the Acknowledgement clearly states that the summons and complaint are being served pursuant to Rule 4(c)(2)(C)(ii). No mention is made of Rule 4(e) or of the Louisiana Long-arm statute, or of any other rule, or of service being attempted in any manner other than Rule 4(c)(2)(C)(ii).

Second, the *only* consequence described in the form for *not* returning it is:

> If you do not complete and return the form to the sender within 20 days, you ... may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

This statement is important for two reasons: (a) In no way does it imply, much less express, that failure to take action will or could result in a default judgment (which is what happened here); and (b) the plain reading of the statement is that "serving a summons and complaint" refers to an event that will happen *subsequently,* if but only if the defendant fails to respond, and not to an event that has *already* occurred.

Third, the Acknowledgement carefully explains the one and only fact pattern that could lead to a default:

> If you *do* complete and return this form [not "if you do *not* complete it], you ... must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you....[8]

Thus, there is no hint that default can occur if the defendant *fails* to return the Acknowledgement. In fact, the plain implication is precisely to the contrary.

Fourth, it is obvious from the wording of the rule itself, as from the acknowledgement form, that in the event the defendant elects not to complete and return the form, then an alternative mode of service will be made *subsequently*—not *previously* and not *contemporaneously*. Rule 4(c)(2)(C)(ii) states, in future tense,

> If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint *shall be made* under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).[9]

One simply cannot serve a prospective defendant under Rule 4(c)(2)(C)(ii) and under another rule at the same time if there is a 20–day delay under the Rule. Mail service is clearly a two-step, not a two-pronged, process. If mail service is attempted and the acknowledgement form is not returned, there is no service. Then and only then *must* a plaintiff effect service by any authorized alternative; the plaintiff simply cannot unilaterally recharacterize the first step of service under Rule 4(c)(2)(C)(ii) as service pursuant to another rule or another statute. That the first step under the Rule might otherwise meet the requirements of some other method of service, such as service under Louisiana's Long-arm statute, is pure serendipity. Such coincidence cannot by hindsight be converted to a valid service—and a "gotcha" for the unsuspecting defendant.

---

[8]Emphasis added.

[9]Emphasis added.

Our prior cases, although not directly on point, lend support to the conclusion we reach today. In *Delta S.S. Lines, Inc. v. Albano,*[10] we considered a situation in which a plaintiff's attempted service by mail did not conform to the state mail-service provision, but which, he argued, was the "effective equivalent of federal service under Rule 4(c)(2)(C)(ii)."[11]  We concluded

> that Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving *in personam* jurisdiction as well as service of process and that the defendant's return and acknowledgment are an essential part of that procedure.  It necessarily follows that the requirement of Rule 4(c)(2)(C)(ii) must be fully satisfied if the benefits of the Rule are claimed.  Consistent therewith, a more general state mail-service procedure may not be considered the effective equivalent of this subsection.  Only careful compliance with 4(c)(2)(C)(ii) will suffice.[12]

The following year we decided *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*[13]  In *Humana,* the plaintiff's attempt at mail service under Rule 4(c)(2)(C)(ii) was unsuccessful.  The plaintiff then attempted service under Rule 4(c)(2)(C)(i), which allows service pursuant to state law.  The defendant objected, arguing that once service was attempted by mail, it could not be effected in any other manner.  We stated:

> [The Rule's] language is clear:  the plaintiff has the option to elect any of these procedures. A plaintiff may attempt the inexpensive method of using the mail.  If the plaintiff does not effect service in this way, *service must be made in some other fashion.*  The use of the word "shall" does not automatically require that, if the attempt to effect service by mail fails, only personal service is permitted.  Service pursuant to state-law procedure is still permitted.[14]

Both of these cases recognize, at least implicitly, that service under state law and service pursuant to a federal service-by-mail provision cannot occur simultaneously by virtue of the same mailing.

We note that other circuits which have considered the question have reached the same

---

[10]768 F.2d 728 (1985).

[11]*Id.* at 730.

[12]*Id.*

[13]804 F.2d 1390 (5th Cir.1986).

[14]*Id.* at 1393 (emphasis added).

conclusion we reach today. The First Circuit responded to a situation similar to the instant case:

> [N]o such means of rescuing failed attempts at defective service under 4(c)(2)(C)(ii) could possibly apply here, because the plaintiff did not attempt any follow-up service.... Thus a failed effort at service under rule 4(c)(2)(C)(ii) is not alchemized by that failure into an effort under Rule 4(c)(2)(C)(i) pursuant to state service provisions. Permitting such a transformation would violate the clear language of the Rule and unfairly prejudice the defendant without notice of the necessity to respond. The plaintiff *must separately undertake some other form of authorized service* as a follow-up to the failed effort under subsection (C)(ii).[15]

We recognize that there is some appeal in holding that RCCL, a "sophisticated" defendant, knew that the Plaintiff was attempting service. We also recognize that delivery by certified mail with return receipt requested, as was accomplished in this case, appears to accommodate the element of fairness. On the other hand, the rule itself does not distinguish between defendants who "must have known" that they were being served and those who do not understand the import of receiving a summons, complaint, and Acknowledgement. Simply put, delivery is not synonymous with service.

The policy espoused in our summary panel opinion would place unwary defendants in the untenable position of being sandbagged—albeit we ascribe no such ulterior motive to Mr. Carimi or his counsel here. Still, defendants who justifiably believe that a plaintiff is attempting service under one rule, which involves relatively minor repercussions if the defendants choose not to respond, should not be blindsided by a holding that they were in fact served under an entirely different, unmentioned rule which carries grave consequences for failure to respond. We do not believe that the mail service rule should be construed to allow such a result. Rather, it is intended to be nothing more than a convenient way for plaintiffs and defendants to avoid the more costly and time consuming traditional methods of service.[16] And, being a less dependable and less formal alternative to conventional service and citation, Rule 4(c)(2)(C)(ii) must be construed strictly as must all rules

---

[15]*Media Duplication Servs., Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1234–35 (1st Cir.1991) (emphasis added). *See also Combs v. Nick Garin Trucking,* 825 F.2d 437, 443 (D.C.Cir.1987), and *S.J. Groves & Sons, Co. v. J.A. Montgomery, Inc.,* 866 F.2d 101, 102 (4th Cir.1989).

[16]*See Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985).

in derogation of the norm. We conclude that here RCCL was not validly serviced process under Rule 4(c)(2)(C)(ii).

*C. Tolling*

In a federal case, the filing of a complaint with the court commences the case and tolls any applicable statute of limitations.[17] Therefore, finding service to have been invalid and remanding this case to the district court will not subject the plaintiff to adverse effects of any statute of limitations that might otherwise have accrued but for the filing of the case in the district court. Nevertheless, in light of Fed.R.Civ.P. 4(j), we are concerned that our decision not be construed as indicating that Carimi did not effect service during the time prescribed by the rules of civil procedure, and that the case should therefore be dismissed. Rule 4(j) requires dismissal o f a case in which service is not accomplished within 120 days after the filing of the complaint, unless good cause for not doing so is shown.[18] Obviously, the conclusion we reach today establishes that Carimi did not effect service on RCCL within the required 120 day period. But it is equally obvious that Carimi at all times acted in good faith, and without sinister motivation in seeking a default. Thus, we are satisfied that he had good cause for not effecting valid service within 120 days, and indeed had good cause to think that he had done so. He should not be penalized just because we conclude today that he did not in fact accomplish valid service. Therefore, we remand this case to the district court with instructions to allow Carimi a reasonable time within which to re-attempt service.

III.

CONCLUSION

Because Carimi did not effect service on RCCL, the district court did not have jurisdiction over RCCL and the default judgment was improper.[19] The district court's denial of the Rule 60(b)

---

[17]*Martin v. Demma,* 831 F.2d 69 (5th Cir.1987); Fed.R.Civ.P. 3.

[18]*See Traina v. U.S.,* 911 F.2d 1155 (5th Cir.1990).

[19]*See Recreational Properties,* 804 F.2d at 314.

motion is REVERSED, and the case is REMANDED to the district court with instructions to allow the Plaintiff a reasonable period in which to re-attempt service, and for further proceedings consistent herewith.