JORGENSON, Associate Judge.
The appellants, Amos and Louie Gaines, initiated a medical malpractice action against Dr. William J. Placilla, the appellee. The case was dismissed with prejudice by the trial court under Florida Rule of Civil Procedure 1.070(i) (formerly rule 1.070(j)), the 120-day service rule. Before us is the order of the trial court dismissing with prejudice.
Rule 1.070(i) provides:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service is not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion.
The rule requires that an action be dismissed without prejudice where service is not made upon a defendant within 120 days after filing the initial pleading where there is no showing of good cause for the delay. The trial court dismissed this action below with prejudice. We reverse based on the plain language of the rule.
On remand we direct the trial court to reconsider the motion to dismiss in light of the six-factor test laid down in Kozel v. Os-tendorf, 629 So.2d 817 (Fla.1993). The six factors are:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect of inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Our conclusion that the Kozel factors should be applied rests upon our firm conviction that to do otherwise in this case would result in a manifest injustice. See Hernandez v. Page, 580 So.2d 793, 795 (Fla. 3d DCA 1991) (Schwartz, C.J., specially concurring).
BARFIELD and BENTON, JJ., concur.