637 So.2d 979 (1994)
James H. CREWS and Donna Crews, Appellants,
v.
Terri L. SHADBURNE, Appellee.
No. 93-735.
District Court of Appeal of Florida, First District.
June 7, 1994.
C. Wes Pittman of Pittman, Manuel & Hundley, P.A., Panama City, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellants.
John N. Boggs, Panama City, for appellee.
ZEHMER, Chief Judge.
James and Donna Crews, plaintiffs below in this personal injury action, appeal from the trial court's order dismissing their complaint for failure to comply with the 120-day period for service of process, as provided in rule 1.070(j), Florida Rules of Civil Procedure. For the following reasons, we reverse.
The Crewses filed their complaint against Terri Shadburne and State Farm Mutual Automobile Insurance Company, alleging a cause of action in negligence for permanent injuries sustained by Donna Crews in an automobile accident involving Shadburne. The complaint was filed on January 7, 1992. On that same day, a summons issued as to Shadburne but was returned as being unservable on January 31, 1992. The process server stated that Shadburne could not be located at the listed address; that he had consulted a phone book and checked the address given therein with negative results; and that he had checked the information listing and could find no listing in Shadburne's name. Thereafter, the Crewses utilized section 48.161, Florida Statutes, to effect substituted service of process through the secretary of state. They sent, by certified mail, a notice of service of process to Shadburne at the same address at which initial service had been unsuccessfully attempted. Not surprisingly, the notice sent by certified mail was returned to the Crewses' counsel marked undelivered.
On May 11, 1992, the Crewses filed a motion for default against Shadburne based on her failure to serve or file any paper in the action. The default was entered by the clerk; however, Shadburne inexplicably obtained notice of the suit, and on July 15, *980 1992, filed a Motion to Dismiss or in the Alternative, Motion to Quash Process and Service of Process and to Vacate Default. That motion alleged that the substituted service of process was legally ineffective and that the trial court did not have personal jurisdiction over her. This contention was based on the lack of any allegation in the complaint to support the use of constructive service of process. See Journell v. Vitanzo, 472 So.2d 827 (Fla. 4th DCA 1985). Shadburne also contended she had not been served with the initial summons and complaint within 120 days, and therefore dismissal was proper under rule 1.070(j) (subsequently redesignated 1.070(i)). A second motion to dismiss was filed which noted that Shadburne had in fact been properly served on September 29, 1992, but reiterated that under rule 1.070(j), dismissal was appropriate.
Following a hearing on the motion, the trial court entered an order quashing the initial service of process, granting Shadburne's motion to vacate the default, and denying her motion to dismiss under rule 1.070(j). That order stated as the basis for denial of the motion to dismiss that "plaintiff [sic] has demonstrated good cause for failure to obtain proper service of process within 120 days of the filing of plaintiffs' complaint." However, upon consideration of Shadburne's motion for rehearing on the motion to dismiss, which relied solely on Gondal v. Martinez, 606 So.2d 490 (Fla. 3d DCA 1992), the trial court entered an order granting rehearing and dismissing the complaint.
On appeal, the Crewses submit that the trial court's initial order denying the motion to dismiss was consistent with the rationale of the holdings in Mcrales v. Sperry Rand Corporation, 601 So.2d 538 (Fla. 1992), and Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991), and that the decision in Gondal is materially distinguishable and thus not authority for dismissal in the instant case. We agree.
In Morales v. Sperry Rand Corporation, the supreme court considered the consequences of failing to obtain service of process within 120 days of the filing of the complaint as required by rule 1.070(j), when no good cause for the failure is demonstrated. Quoting from the decision of the district court under review, the supreme court recognized that the rule "`exacts a harsh sanction in cases where the limitations period may have expired,'" but concluded that for the rule "to fulfill its mission of assuring diligent prosecution of law suits once a complaint is filed," dismissal was appropriate under the circumstances before it. 601 So.2d at 539, 540. Those circumstances included the fact that the plaintiffs in Morales chose not to have the summonses issued for more than three and one-half months following the filing of the complaint, and then served them by mail. The court noted that "`the trial court could certainly conclude that [the plaintiffs] should not reasonably have expected to accomplish timely service by the method utilized.'" Id. at 539, quoting from Morales v. Sperry Rand Corporation, 578 So.2d 1143, 1144-45 (Fla. 4th DCA 1991).
Likewise, in Hernandez v. Page, the dismissal under rule 1.070(j) was affirmed. In that case, dismissal was based on the plaintiffs' failure to repeat service of process on the defendants following the initial dismissal of their cause of action without prejudice. The plaintiffs asserted that because the parties had entered into settlement negotiations, the defendants had waived service within the 120-day period. However, in reviewing the facts, the Third District disagreed with this assertion, concluding that settlement negotiations occurring when there was no cognizable cause of action pending did not constitute good cause for failure to timely serve process on the defendants once suit was refiled.
In Gondal v. Martinez, dismissal of the cause of action was upheld under facts showing that constructive service of process was not attempted by the plaintiffs until approximately two years after the filing of the complaint. Moreover, there was no attempt to re-serve the defendant once the plaintiffs were advised of deficiencies in such service by the defendant's motions.
In sharp contrast to the circumstances in the foregoing cases, in the instant case the summons issued contemporaneously with the initial filing of the complaint and, after the summons was returned unservable, *981 the Crewses made persistent effort to utilize, albeit not strictly in compliance with the statute, constructive service of process without delay. We decline to view the technical deficiencies in counsel's good faith efforts to achieve proper service of process as equating with the dilatory behavior underlying the decisions in Morales, Hernandez, and Gondal. See also Austin v. Gaylord, 603 So.2d 66 (Fla. 1st DCA 1992) (reversing an order denying motion to dismiss under rule 1.070(g), where the plaintiff failed entirely to serve the Department of Insurance within 120 days after the filing of the amended complaint and offered no evidence to show the exercise of due diligence or good cause for not having done so). The Crewses' attempts to effect service of process in the instant case in no way compare with the utter disregard of the rule's requirements in Austin.
Recently, the supreme court expressed the view that a trial court's decision "to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote." Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla. 1994). The court observed that dismissal "should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Id. Although Kozel did not involve rule 1.070(j), the supreme court's comments comport with those expressed by this court in Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993), wherein we carefully balanced the purpose to be served by rule 1.070(j) and the rights of the litigants to have their day in court. In balancing those same interests in the instant case, we conclude that the trial court abused its discretion in dismissing this case. Here, the Crewses consistently demonstrated due diligence in attempting to serve the initial complaint, in attempting to obtain constructive service thereafter, and in ultimately obtaining proper service of process once the defect in the pleading was brought to their attention. In short, they did not sleep on their rights and obligations. The trial court's order dismissing this case exacted too harsh a sanction under the circumstances, especially since the only defect in the proceedings was a technical omission in the allegations of the complaint. Cf. Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344 (5th Cir.1992) (where service of process was ineffectual only because acknowledgment did not properly inform defendant of consequences of failing to respond to complaint, and where plaintiff at all times acted in good faith and without sinister motivation, it was held plaintiff had good cause for not effecting valid service within 120 days and therefore should not be penalized by dismissal of the cause).
For these reasons, the order dismissing the complaint is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
SMITH and LAWRENCE, JJ., concur.