**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 94-20771
Summary Calendar

EDUARDO M. BENAVIDES,

Plaintiff-Appellant,

VERSUS

JACK B. PURSLEY and JAMES (JIM) LYNAUGH,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-91-1971)
(September 25, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Eduardo Benavides, a Texas Department of Criminal Justice inmate proceeding in forma pauperis filed a § 1983 civil rights complaint. Following a <u>Spears</u> hearing, at which Benavides abandoned all claims except his claim of retaliation resulting from the confiscation of his personal property including legal materials, the district court dismissed his claim as frivolous

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

under § 1915(d). Benavides moved for reconsideration which was denied by another judge of the district court to whom the case had been reassigned. Benavides then moved for reconsideration of the denial of his reconsideration motion. It was likewise denied by the second judge. Benavides appeals the denial of his second motion to reconsider. We affirm.

Appellant's motion was timely under Rule 60(b). Harcon Barge Co. v. D&G Boat Rentals, 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986). We review using the abuse of discretion standard. Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992).

Relying on Federal Rule of Civil Procedures 63, Benavides argues that the second district judge was without authority to rule on his motion because it was the first district judge who dismissed his suit. We disagree. Federal Rule of Civil Procedure 63 concerns only the inability of a judge to continue a trial or hearing that is in progress. It has nothing to do with the transfer of cases from the docket of one district judge to another.

Benavides' property was confiscated but it was returned to him within thirty days. He made no showing of a permanent deprivation therefore the district court's decision to deny Rule 60(b) relief on this basis was not an abuse of discretion. The dismissal under 1915(d) was therefore also appropriate.

The same is true of Benavides' contention that the temporary confiscation of his legal materials interfered with the prosecution of a malpractice claim he had brought against his attorney and with

his habeas petition. Appellant has not shown any specific prejudice resulting from the confiscation and without such a showing he is unable to establish that Rule 60(b) relief was warranted.

Appellant next contends that the district court erred when it did not specifically address his contention that § 1915(d) is unconstitutional because it treats indigents differently from non-indigents. In <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) the Supreme Court considered § 1915(d) and noted that it was designed to ensure that indigent litigants have meaningful access to the federal courts, and that the judiciary was left with the task of "giving content to § 1915(d)'s definite objectives." We find nothing in this record to support the claim of unconstitutionality. While indigents may indeed be treated differently than non-indigents, the indigents are given an advantage in the prosecution of their claims.

Finally, Benavides argues that the district court erred in not allowing him to amend his pleadings. The district court did, however, conduct a <u>Spears</u> hearing to allow him to augment his pleadings and the failure to permit further amendment thereafter is no abuse of discretion.

AFFIRMED.