700 So.2d 702 (1997)
Janet Louise WARREN, individually and as natural parent and guardian of Dana Carlotta Warren and Issac Russell Warren, minors, Appellant,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC.; d/b/a Shands Hospital at the University of Florida; Board of Regents, State of Florida d/b/a University of Florida College of Medicine, Appellees.
No. 96-2762.
District Court of Appeal of Florida, First District.
August 7, 1997.
*703 Maria P. Sperando of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Fort Pierce, for Appellant.
A. Russell Bobo and Thomas W. Poulton of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Le Clainche, P.A., Orlando, for Appellees.
PER CURIAM.
Janet Louise Warren appeals a final order dismissing her medical malpractice complaint with prejudice upon a finding that no good cause was shown for failure to serve process within 120 days of filing the initial pleading. This is appellant's second appeal to this court. We reverse and remand.
The events which gave rise to the claim allegedly occurred in August, September, October, and November, 1991. Several presuit notices were filed between November 29, 1993, and January 24, 1994. Warren filed her medical malpractice complaint on February 16, 1994, within the 90-day presuit investigation period. On May 27, 1994, Warren's attorneys moved to withdraw, citing irreconcilable differences. Allegedly due to miscommunications between counsel's office and the clerk's office, the complaint was not served on defendants until June 17, 1994, the 121st day after filing. On July 11, 1994, Shands moved to dismiss the complaint, alleging: (1) the complaint was filed prematurely during the presuit notice period; (2) service was late; and (3) any amendments would be outside the statute of limitations. The court granted the motion to withdraw as plaintiff's counsel on July 14, 1994. On November 15, 1994, the court granted defendant's motion to dismiss without prejudice and allowed Warren 10 days to amend her complaint. At that point, she was not represented by counsel.
Plaintiff then filed a motion for extension of time to file her amended complaint; she retained an attorney, McMichael, to file this motion for her. McMichael specifically stated in the motion that he had assumed representation of Warren only for the purpose of filing this motion for extension of time, and he subsequently was granted leave to withdraw as counsel.
When the amended complaint was not timely filed, defendants filed a second motion to dismiss. The court granted the motion to dismiss with prejudice. The first attorney in the case, Sperando, filed a motion for rehearing/clarification on behalf of the plaintiff. The trial court denied this motion. Warren appealed, and this court reversed and remanded for consideration of the factors set out in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993). See Warren v. Shands Teaching Hospital and Clinics, Inc., 680 So.2d 460 (Fla. 1st DCA 1996).
Appellee had argued the lack of good cause for late service as an alternative reason to affirm the trial court on the previous appeal, but this court did not mention that argument in its opinion. The case went back to the trial court for hearing on the Kozel factors. After considering the Kozel factors, the trial court ruled that the failure to amend within 10 days not so egregious as to require dismissal *704 with prejudice. The court denied defendants' second motion to dismiss.
An amended complaint was filed, as well as a third motion to dismiss with prejudice. Appellee again raised the issue of late service, arguing that before the appeal to this court, the predecessor judge had made an incorrect ruling in giving the plaintiff 10 days to amend, rather than dismissing without prejudice because of the late service and because the complaint was filed within the presuit investigation period. At a June 26, 1996, hearing, the court took evidence on why the complaint had not been served within 120 days, and then ruled in a July 1, 1996 order, that there had been no good cause for the late service, and dismissed with prejudice on that basis. The trial court specifically did not rule on the statute of limitations question.
Appellant presents several alternative arguments in this appeal. First, she contends that the trial court erred in dismissing the complaint based on late service because this court previously implicitly rejected the argument that good cause was lacking for the late service, or that the predecessor trial court also had implicitly rejected that argument. Alternatively, appellant contends that because the original complaint was filed prematurely, it was a nullity, and thus service was not late. Appellant further contends that there was good cause for the late service in that it was caused by miscommunications between the clerk's office and counsel's office. Finally, appellant argues that the statute of limitations was tolled by service of the notice of intent and affidavit within the limitations period.
We are not persuaded by appellant's argument that the prematurely filed complaint was a nullity and thus service was not late. Neither are we convinced that a ruling on the good cause issue was implicit in this court's decision in the previous appeal.
"It is the general rule in Florida that all questions of law which have been decided by the highest appellate court become the law of the case which, except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and the appellate courts." See Brunner Enterprises, Inc. v. Department of Revenue, 452 So.2d 550, 552 (Fla.1984). "`A prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the questions in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration.' " See Smith v. Frank Griffin Volkswagen, Inc., 645 So.2d 585, 586-587 (Fla. 1st DCA 1994), citing S/D Enterprises, Inc. v. Chase Manhattan Bank, 375 So.2d 1109, 1111 (Fla. 3d DCA 1979). Although in the previous appeal appellee offered lack of good cause as an alternative theory on which to affirm the trial court's ruling, this court did not specifically rule on that issue, nor do we consider a ruling necessarily implicit in the decision to reverse in that case.
We next address the question whether the court erred in ruling that no good cause existed for the one day delay in service. Sperando indicated she directed her secretary to serve the complaint approximately 30 days before the expiration of the 120 days, but that as the result of a "snafu" between her office and the clerk's office, the complaint was served on the 121st day. Sperando explained that the delay in beginning efforts to serve the complaint occurred because she was not certain whether her client wanted to settle the case. There was an outstanding settlement offer, but she was unable to obtain a response from her client. The documents were sent to the clerk's office, which sent them back, and telephone conversations occurred. The trial court indicated that because Sperando had waited so long to begin attempting to serve the complaint, no good cause had been shown.
The trial court did not consider the Kozel factors in ruling on the good cause issue. Our review of recent case law indicates such consideration is appropriate in the present circumstances. In Crews v. Shadburne, 637 So.2d 979 (Fla. 1st DCA 1994), this court discussed the rationale outlined in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994), with regard to the question of good cause for failure to timely serve a complaint. In Gaines v. Placilla, 634 So.2d 711 (Fla. 1st DCA 1994), *705 after reversing a dismissal with prejudice for failure to comply with the 120-day rule, because the plain language of the rule called for dismissal without prejudice, this court directed the trial court on remand to consider the six Kozel factors. The court noted that "to do otherwise would result in a manifest injustice." But see Stahl v. Evans, 691 So.2d 1184 (Fla. 4th DCA 1997)(Kozel does not pertain to rule 1.070(i) and is not controlling). In the present case, the trial court did not consider Kozel with reference to the 120-day rule violation. We believe it would be appropriate to do so in light of Crews and Gaines, and therefore reverse the dismissal and remand for consideration of the Kozel factors with regard to the one day late service.
Appellant also contends that, in accordance with Hospital Corporation of America v. Lindberg, 571 So.2d 446 (Fla. 1990), the statute of limitations has been tolled in this case by the timely service of the notice of intent and corroborating affidavit, and that at most, the prematurely filed complaint should have been dismissed with leave to amend. We agree with appellant. Lindberg has been interpreted to have held that "where a complaint and presuit notice are simultaneously filed and served within the applicable statute of limitations, the plaintiff may subsequently (even after expiration of the statutory period) file an amended complaint asserting compliance with the presuit screening process." See Stebilla v. Mussallem, 595 So.2d 136, 139 (Fla. 5th DCA), review denied, 604 So.2d 487 (Fla.1992), approved in Kukral v. Mekras, 679 So.2d 278 (Fla.1996). By analogy, having complied with the presuit notice requirement and simultaneously filed a complaint within the limitations period, although it may be dismissed for premature filing, such dismissal should be without prejudice, and appellant should be permitted to file an amended complaint that relates back to the original filing.
Accordingly, the order dismissing the complaint with prejudice is REVERSED and REMANDED with directions to reconsider the question of good cause in light of the Kozel factors, and for further consistent proceedings.
BOOTH, JOANOS and WOLF, JJ., concur.