IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-40495

Summary Calendar

---

CHARLIE RAY TAYLOR,

Plaintiff-Appellant,

versus

WILLIAM J. CLINTON, President,
United States, ET AL.

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(9:95-CV-375)

---

January 30, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charlie Ray Taylor, Texas prisoner # 334319, appeals the district court's denial of his motion for relief from the district court's judgment. Because Taylor does not raise any arguments concerning the district court's dismissal of his complaint or the district court's denial of his motion, he has abandoned the only issue before this court. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Nonetheless, the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not abuse its discretion in dismissing Taylor's action for failure to comply with the court's order to file an amended complaint and did not abuse its discretion in denying Taylor's motion for relief from the judgment. See Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992). Taylor's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, Taylor's appeal is DISMISSED. 5th Cir. R. 42.2.

The district court stated in its memorandum opinion that at least two prior actions filed by Taylor have been dismissed as frivolous, and Taylor does not challenge this statement. Because on at least two occasions in addition to this frivolous appeal, Taylor has brought an action or appeal in a United States court that was dismissed as frivolous, Taylor is BARRED from proceeding IFP under the Prison Litigation Reform Act of 1995. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Accordingly, Taylor may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTION IMPOSED.