IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41472
Summary Calendar
_____

STARLEN MCNAIRY,

                                        Plaintiff-Appellant,

versus

MICHAEL WILSON, Senior Warden, Michael Unit;
HOLLAND R. PICKLE, Captain, Michael Unit;
ADONIA JEAN MCCALEY, Nurse, Michael Unit;
JAMES A SNOW, Correctional Officer III,
Michael Unit; LEVIE PRIM, Correctional Officer,
Michael Unit,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-267
- - - - - - - - - -

May 11, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

     Starlen McNairy, Texas prisoner # 517613, appeals the

magistrate judge's dismissal without prejudice of his 42 U.S.C.

§ 1983 action for failing to exhaust administrative remedies.  He

argues that, although he had not exhausted his administrative

remedies before filing suit, he exhausted such remedies while his

suit was pending.  McNairy's notice of appeal was filed more than

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

30 days after the final judgment and was thus untimely.  See Fed. R. App. P. 4(a)(1).  However, the notice of appeal was timely filed following the denial of McNairy's postjudgment motion, which the magistrate judge correctly construed as a Fed. R. Civ. P. 60(b) motion.  See Harcon Barge Co. v. D & G Boat Rentals, 784 F.2d 665, 667 (5th Cir. 1986)(en banc).  We review the denial of the Rule 60(b) motion for abuse of discretion.  Carimi v. Royal Caribbean Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992).

McNairy filed his suit after the effective date of the Prison Litigation Reform Act (PLRA) (April 26, 1996), and his case is thus governed by the provisions therein.  See Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998).  The PLRA amended 42 U.S.C. § 1997e to require that a prisoner must exhaust his administrative remedies before filing a § 1983 action.  See § 1997e(a).  McNairy did not exhaust administrative remedies before filing suit, and his exhaustion of administrative remedies during the pendency of his suit does not satisfy the requirements of § 1997e(a).  See Underwood, 151 F.3d at 296.  The magistrate judge did not abuse her discretion in denying McNairy's postjudgment motion challenging the magistrate judge's dismissal of his suit for failing to exhaust administrative remedies.

AFFIRMED.