IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31114
Summary Calendar
_____

DENNIS RAY WASHINGTON,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CV-1520
- - - - - - - - - -

September 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Dennis Ray Washington, Louisiana state prisoner # 85946,

filed a motion for reconsideration of a previously denied 28

U.S.C. § 2254 petition.  The § 2254 petition was originally filed

on August 15, 1994, and denied on November 21, 1995.  In his

original petition, Washington raised the following arguments:

1) the reasonable doubt instruction given by the trial court was

unconstitutional under the Supreme Court's holding in *Cage v.*

*Louisiana*, 498 U.S. 39 (1990); 2) there was insufficient evidence

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to support Washington's conviction; and 3) Washington's attorney rendered ineffective assistance.

The current motion for reconsideration was filed on August 28, 1998. In addition to requesting reconsideration of his former arguments, Washington argues that this court's holding in *Humphrey v. Cain*, 138 F.3d 552 (5th Cir.), *cert. denied*, 119 S. Ct. 348 (1998) gives retroactive application to the Supreme Court's holding in *Cage*, thereby entitling Washington to relief under § 2254. Washington recognized that his petition would be barred if filed as a request for permission to file a successive habeas petition. Consequently, he urged the district court to reconsider his original § 2254 petition.

The district court denied Washington's motion for reconsideration, but granted a certificate of probable cause (CPC). Washington's petition is now before this court as a result of the district court's granting a CPC.

This court reviews a district court's denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992). This court has explained that a district court may construe a motion for reconsideration under Rule 60(b) as a request to file a successive habeas petition, and then dismiss the request for lack of jurisdiction. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1156 (1999)(§ 2255 case); *Williams v. Whitley*, 994 F.2d 226, 230 n.2 (5th Cir. 1993).

The district court's denial of the motion for reconsideration, yet at the same time granting a CPC, appears to be inconsistent.  The district court explained in its order that it would not allow Washington to circumvent the requirements for filing successive habeas petitions when it denied his motion for reconsideration, yet it did not dismiss the petition for lack of jurisdiction.  *See* 28 U.S.C. § 2244(b)(3)(A).  On the other hand, the district court gave validity to Washington's procedural method seeking reconsideration of an already defeated § 2254 motion by granting a CPC.

Accordingly, the district court's orders denying Washington's motion for reconsideration and granting CPC are VACATED and the case REMANDED to the district court for further proceedings.

On remand, the district court should clarify whether it treated Washington's petition as a request to file a successive habeas petition, in which case it should have been dismissed for lack of jurisdiction.  *See* § 2244(b)(3)(A).  In the alternative, the district court should explain the basis for considering Washington's motion for reconsideration to be a valid procedural method, thereby permitting Washington to proceed on appeal from his original § 2254 petition.  If, on remand, the district court still determines that a CPC is justified, it should address Washington's arguments relating to sufficiency of the evidence and ineffectiveness of counsel.

VACATE and REMAND.