IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40543
Conference Calendar
_____

JUAN JORGE SANCHEZ,

                                        Plaintiff-Appellant,

versus

ORLANDO PEREZ; ET AL.,

                                        Defendants,

DAVID STOCKLEY; SAUL CRUZ; MARTHA VILLAREAL,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-CV-180
- - - - - - - - - -

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Juan Jorge Sanchez, a Texas prisoner (# 577512), appeals the
magistrate judge's April 13, 1999, order denying his motion for
relief from judgment, filed pursuant to FED. R. CIV. P. 60(b).
Sanchez argues that, in dismissing his civil rights claims
against three remaining defendants based on the qualified-
immunity doctrine, the magistrate judge erred in failing to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

consider the requirements of <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). Sanchez is essentially arguing that the magistrate judge committed a legal error, or a "mistake" under Rule 60(b)(1). A motion under Rule 60(b)(1) must be brought within one year after the judgment or order to be challenged is entered. <u>See</u> Rule 60(b). Sanchez's Rule 60(b) motion was not filed until April 1999, when the judgment he is challenging was entered in October 1997. Not only did the magistrate judge did not abuse her discretion in denying Sanchez's Rule 60(b) motion, <u>see</u> <u>Carimi v. Royal Carribean Cruise Line, Inc.</u>, 959 F.2d 1344, 1345 (5th Cir. 1992), but Sanchez's appeal is frivolous. <u>See</u> 5TH CIR. R. 42.2. Accordingly, the appeal is DISMISSED.

For purposes of the "three-strikes" provision, 28 U.S.C. § 1915(g), Sanchez had already accumulated at least four strikes prior to the issuance of the instant opinion. <u>See</u> <u>Sanchez v. Biery</u>, No. 98-50423 (5th Cir. Aug. 25, 1999); <u>Sanchez v. T. West</u>, No. 97-40940 (5th Cir. June 16, 1998); <u>Sanchez v. Putska</u>, No. 95-20917 (5th Cir. March 1, 1996). We dispose of the instant appeal on the merits because the <u>Biery</u> opinion, No. 98-50423, was issued after Sanchez had filed the instant appeal.

The instant dismissal counts as an additional strike. Accordingly, Sanchez is again notified that he may not proceed <u>in forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).