**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2012

No. 11-20543
Summary Calendar

Lyle W. Cayce
Clerk

TAASHEANA QUINN, individually and on behalf of her minor child, S.M.,

Plaintiffs-Appellants

v.

MAURICE MILLER,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3983

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Taasheana Quinn ("Quinn"), individually and on behalf of her minor child, S.M., appeal the district court's dismissal without prejudice of her lawsuit against defendant-appellee Maurice Miller ("Miller"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20543

## FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 2010, Quinn filed a lawsuit alleging that Miller failed to stop at a stop sign while driving and, as a result of his negligence, injured Quinn and her minor child. On February 16, 2011, Quinn filed notice reflecting that Miller was personally served at "8700 Broadway, Houston, TX 77061-2262" on February 15, 2011. On March 23, 2011, Miller filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) asserting that personal service was improper. Miller submitted an affidavit attesting that he had not lived at 8700 Broadway for over a year and a half. Miller's motion also sought to dismiss the complaint on grounds that the claim was vague and that the exemplary damages and attorney's fees sought were not authorized under Texas law.

On the same day the motion was filed, the district court conducted a pre-trial conference, during which the grounds for Miller's motion to dismiss were discussed. The district court expressed that it was inclined to grant Miller's motion on the ground of improper service but the court was reluctant to dismiss the case immediately. Instead, since Quinn conceded that exemplary damages and attorney's fees were unavailable and offered to redraft her complaint, the district court, during the conference, ordered Quinn to file an amended complaint within two weeks and to serve the amended complaint on Miller within one month.

Quinn did not file an amended complaint within two weeks and on April 18, 2011, the district court issued a written order, stating in pertinent part:

> It is hereby **ORDERED** that on or before **April 26, 2011**, Plaintiff Taasheana Quinn shall file either an opposition to Defendant Maurice Miller's Rule 12 Motion ("Motion") [ Doc. #6] or an Amended Complaint addressing the issue raised in the Motion. <u>Plaintiff is cautioned that failure to comply with this Order will result in the Motion being granted.</u> It is further

2

No. 11-20543

**ORDERED** that Defendant shall file any Reply by May
6, 2011.

(emphases in original).  On April 29, 2011, citing Quinn's failure to file an opposition to Miller's motion or an amended complaint, the district court granted Miller's motion to dismiss for insufficient service of process and dismissed the case without prejudice.

Quinn filed concurrent motions for leave to file an amended complaint and for reconsideration, as well as a new complaint "for the exact same accident." Quinn claimed that she never received the April 18, 2011 order and stated that her failure to abide by the court's deadline was due to "a clerical error or computer problem and the electronic filing systems."  The motion for leave to file an amended complaint was stricken because it lacked "both a Certificate of Service and a Certificate of Conference."  The district court also denied the motion for reconsideration on the basis that Quinn failed to establish any manifest error in law or fact by the court.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process.  The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  We review a district court's dismissal under Rule 12(b)(5) for abuse of discretion. *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

On appeal, Quinn argues that the district court erred in granting Miller's motion to dismiss for insufficient service of process and dismissing her case without prejudice.[1]  At the pre-trial conference, the district court heard

---

[1] Quinn also argues that the district court erred in dismissing her case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  It is apparent from the district court's order that Rule 12(b)(6) was not the grounds upon which Quinn's case was

3

No. 11-20543

arguments regarding the sufficiency of Quinn's service of process. After reviewing the submission of the process server, which stated that Miller was personally served at "8700 Broadway," and Miller's affidavit, which attested that he no longer lived at that address, the district court found Miller's affirmation persuasive. However, rather than grant Miller's motion at that time, the district court provided Quinn with an opportunity to amend her complaint within two weeks and to serve the amended complaint upon Miller within one month. Despite Quinn's failure to amend her complaint within two weeks of the original oral order, the district court again, this time in a written order, ordered Quinn to file an amended complaint or opposition to Miller's motion and provided a new deadline. The district court also notified Quinn that failure to comply with its order would result in dismissal of her case. Quinn again failed to respond to the court's order and for that reason, her case was dismissed. Accordingly, the district court did not abuse its discretion in dismissing Quinn's case pursuant to Rule 12(b)(5).

Quinn now argues that she was misled by the district court's scheduling order, which ordered that amendments to pleadings be filed by May 6, 2011. However, the district court clearly explained the meaning of the deadlines to the parties at the pre-trial conference. After setting forth the deadlines for Quinn to amend her complaint to remove exemplary damages and attorney's fees, the district court summarized, "[s]o it's a month for the service, two weeks for the amendment and then I'm going to give a little bit longer period of time for final amendments in case there's a need to do further amendments." Later, the court further explained, "[s]o I'm going to say the – May 6th is your deadline for adding new parties and amending. That means you do need to determine if there's anybody else out there because it will be very hard to add new parties or

---

dismissed so we do not address such argument.

No. 11-20543

get amendments after these dates." Throughout the conference, the district court consistently ordered Quinn to submit an amended complaint, redrafted to reflect the discussions at the conference, within two weeks and stated that May 6, 2011 was the deadline to make any further amendments.

Quinn also argues for the first time on appeal that she should have been afforded additional time to perfect service under Federal Rule of Civil Procedure 4(m) because her claims against Miller may be otherwise time-barred and there is no clear record of delay or evidence of contumacious conduct. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-27 (5th Cir. 2008). Even if Quinn's failure to adhere to the district court's orders did not constitute a clear record of delay, "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).

For the foregoing reasons, the district court's dismissal order is AFFIRMED.