DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HSBC BANK USA,** As Trustee For PHH 2007-2,
Appellant,

v.

**DAVID MAGUA; SYLVIA J. MAGUA; WESTON LAKES MAINTENANCE ASSOCIATION INC.;** and **THE TOWN FOUNDATION, INC.**,
Appellees.

No. 4D17-1685

[March 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. 07-33789 CACE.

Nicholas S. Agnello, Matt Mitchell and Sabrina Niewialkouski of Burr & Forman LLP, Fort Lauderdale, for appellant.

Nicole R. Moskowitz of Neustein Law Group, P.A., Aventura, for appellees David and Sylvia J. Magua.

CIKLIN, J.

This appeal arises out of a foreclosure complaint filed by the bank. After a bench trial, the trial court entered a foreclosure judgment in favor of the bank and the homeowners appealed. With respect to that first appeal, the homeowners argued that (1) the bank lacked standing and (2) it failed to prove damages and satisfaction of a condition precedent, as the exhibits used to prove these elements constituted hearsay. In lieu of an answer brief in the first appeal, the bank filed a confession of error which stated that it "confesses to error and does not oppose reversal of the Final Judgment."

Then, as to the first appeal, this court issued an opinion which provided the following: "Appellee confesses error, and does not oppose reversal of the final judgment. After reviewing the record, we agree that the trial court erred, and reverse the final judgment of foreclosure entered by the trial court and remand for further proceedings." *Magua v. HSBC Bank USA*, 197 So. 3d 1274, 1274 (Fla. 4th DCA 2016). On

remand, the homeowners moved for and were awarded attorney's fees and costs.

Now on this second appeal, the bank challenges the award of fees and costs awarded following the agreed upon reversal asserting that fees and costs cannot be awarded because the reversal came about upon the bank's confession of error regarding standing. The bank cites a recent opinion of this court, *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017). There, this court recognized the following:

> [T]o be entitled to fees pursuant to the reciprocity provision of section 57.105(7), the movant must establish that the parties to the suit are also entitled to enforce the contract containing the fee provision. A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract.

*Id.* at 899.

The bank argues that because this court reversed the final judgment in the first appeal based on the homeowners' argument that the bank lacked standing, the trial court could not award fees based on a provision of the mortgage contract which the bank had no right to enforce. This, the bank argues, has become the "law of the case."

We find the bank's argument fails though because as to the first appeal, the bank confessed error without specification as to which of the two appellate issues it was confessing error. Likewise, this court (without objection or a motion to reconsider or clarify) reversed based on a finding of an unspecified error. Thus, it is not apparent that this court considered the standing issue, a requirement under the law of the case doctrine. *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.").

The bank argues that this court implicitly or necessarily decided the standing issue when it reversed. *See id.* at 106. ("[T]he law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision."). However, it cannot be said that this court's reversal equates to an implicit or necessary finding on the standing issue. Clearly, reversal could have been based solely on the second (condition precedent) ground

raised by the homeowners. *See, e.g., Edmonds v. U.S. Bank Nat'l Ass'n*, 215 So. 3d 628, 629 (Fla. 2d DCA 2017) (declining to reach remaining issues raised on appeal where reversal was based on dispositive issue of whether bank complied with condition precedent to filing suit). For similar reasons, the bank's judicial estoppel argument is unpersuasive.[1]

Based on the foregoing, we affirm.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The bank also contends that this court's denial of the homeowners' motion for appellate fees in the first appeal must have been based on the bank's lack of standing, and points to the arguments made by the bank in its response to the motion. This court denied the motion before the *Glass* opinion issued and the order contains no elaboration. We decline to attempt to divine a previous panel's reasons for denying the motion.