EVANDER, J.
Kenneth Pritz ("Appellant") appeals a final summary judgment dismissing his whistle-blower complaint and the denial of his motion to amend complaint. Because the trial court's rulings were based on an erroneous application of the law of the case doctrine, we reverse.
Appellant was the assistant superintendent for the Hernando County School District ("the School District"). In December 2013, the superintendent informed Appellant that he would be "physically housed at the Plant Operations site of the school district and [would] fulfill the job responsibilities of Manager of the Warehouse and Purchasing." The transfer was to take place immediately, but Appellant would retain his title and current salary. Appellant alleges that shortly thereafter, the superintendent had a memorandum sent from Appellant's computer, and purportedly written by Appellant, to numerous school officials. The memorandum falsely purported to express Appellant's "excitement" about his job transfer. Upon learning of the superintendent's improper action, Appellant notified the recipients of the email that he had not written, authorized, or sent the memorandum. Appellant also sent a written complaint to the chairman of the Hernando County School Board ("the School Board"), asserting that the superintendent's actions violated certain statutes and educators' code of ethics provisions, and that the information set forth in his *1119 letter was disclosed pursuant to section 112.3187(5), Florida Statutes -a provision within Florida's Whistle-blower's Act ( sections 112.3187 - 112.31895, Florida Statutes (2013) ).
At the end of the school year, the superintendent notified Appellant that he could remain as Manager of the Warehouse and Purchasing, but at a substantially reduced salary. When Appellant declined to agree to the proposed salary reduction, the superintendent notified him that he would not be recommended for reappointment with the School District for the following school year.
After being notified that his contract would not be renewed, Appellant initiated the present action alleging that the School Board violated Florida's Whistle-blower's Act. Thereafter, Appellant filed a motion for temporary reinstatement. The trial court held an evidentiary hearing on Appellant's motion and entered a lengthy order denying same. In its order, the trial court made certain factual findings to support its conclusion that Appellant had failed to establish: 1) that the information disclosed by Appellant to the School Board was a protected disclosure as defined in section 112.3187(5) ;[1] and 2) that he had been "discharged."
Appellant sought certiorari review of the order denying his motion for temporary relief. We denied Appellant's petition "on the merits," but did not elaborate on the reason for the denial. Pritz v. Sch. Bd. of Hernando Cty., Fla. , No. 5D16-1950 (Fla. 5th DCA Nov. 14, 2016).
On remand, the School Board filed a motion for summary judgment alleging that this court's order denying Appellant's petition for writ of certiorari was "now the law of the case," that there was no justiciable issue of fact, and that the School Board was entitled to entry of final summary judgment in its favor. In granting the School Board's motion, the trial court cited to the law of the case doctrine:
The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.
....
As found by the predecessor Court in its "Order Denying [Appellant's] Motion for Temporary Reinstatement", and as affirmed by the Appellate Court in its Appellate Order, [Appellant] was not discharged and [Appellant] did not make a disclosure protected under the Florida Whistleblower's Act. Those are necessary elements to the cause of action brought under the Florida Whistle-blower's Act. Accordingly, [Appellant] cannot prevail on his cause of action and School Board is entitled to Summary Judgment in its favor.
The law of the case doctrine is "limited to rulings on questions of law actually presented and considered on a former appeal." Fla. Dep't of Transp. v. Juliano , 801 So.2d 101, 106 (Fla. 2001) (quoting U.S. Concrete Pipe Co. v. Bould , 437 So.2d 1061, 1063 (Fla. 1983) ). Additionally, *1120 the doctrine may preclude "subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision." Id. at 106. However, a corollary of the law of the case doctrine is that a lower court may address issues that were not necessarily addressed by the appellate court. Id. Thus, the law of the case doctrine does not apply where the prior appellate court's decision could have been based on alternative grounds. See Warren v. Shands Teaching Hosp. & Clinics, Inc. , 700 So.2d 702, 704 (Fla. 1st DCA 1997) (holding that an alternative ground for affirmance was not necessarily decided and thus did not trigger law of the case doctrine); see also HSBC Bank USA v. Magua , 243 So.3d 983, 984-85 (Fla. 4th DCA 2018) ; Smith v. City of Fort Myers , 944 So.2d 1092, 1094 (Fla. 2d DCA 2006).
Here, our prior order denying Appellant's petition for writ of certiorari on the merits is the law of the case only as to the limited issue of Appellant's entitlement to temporary reinstatement. There are three reasons why our prior order did not, as the School Board argues, necessarily determine that Appellant had failed to show that he had made a protected disclosure.
First, we did not necessarily deny the petition for certiorari on the ground that Appellant had failed to establish a protected disclosure. We could have denied the petition on the ground that Appellant had failed to show that he had been "discharged"-a requirement to obtain temporary reinstatement under section 112.3187(9)(f).[2]
Second, the trial court made certain factual findings to support its conclusion that Appellant had failed to prove a protected disclosure at the temporary hearing. Although the trial court's factual findings may have been supported by substantial competent evidence, a jury, not the trial court, would be the trier of fact should this case ultimately proceed to a jury verdict.
Third, the trial court's ruling was made after a temporary hearing-prior to the parties having a full opportunity to conduct discovery. Indeed, in its response to the petition for certiorari, the School Board acknowledged that should the petition be denied, Appellant would still have the opportunity to present further evidence after remand:
Here, [Appellant] has suffered no immediate or material injury as a result of the order denying his Motion for Temporary Reinstatement. The order simply states that [Appellant] is not entitled to be reinstated to his former position pending the outcome of the lawsuit. [Appellant's] inability to be reinstated to his former position will not result in material injury for the remainder of the trial. If the jury determines, based on some additional evidence not yet presented, that [Appellant] should prevail on the instant cause of action, he will be entitled to collect lost wages and back pay as part of his damages.
Thus, it would appear that the School Board previously recognized that an unelaborated denial of the earlier petition for certiorari would not trigger application of the law of the case doctrine on remand.
*1121 For the reasons set forth above, we reverse the final summary judgment entered by the trial court in favor of the School Board. The trial court's denial of Appellant's motion to amend his complaint must similarly be reversed because the trial court concluded that application of the law of the case doctrine would render Appellant's proposed amendment futile. On remand, the trial court is directed to grant Appellant's motion to amend.
REVERSED and REMANDED.
BERGER and LAMBERT, JJ., concur.

Section 112.3187(5) provides:
The information disclosed under this section must include:
(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

In contrast to the requirement of a party seeking temporary reinstatement under Florida's Whistle-blower's Act to establish a "discharge," a party can prevail on a whistle-blower's claim at trial by proving an "adverse personnel action." Section 112.3187(3)(c) defines "adverse personnel action" to mean:
the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor.